## JOHN R. STEELE
### *v.*
## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CONTINUANCE—*in criminal cases.* Every person indicted for crime should have a reasonable opportunity to prepare his defense. But the prisoner is required to show that he has a defense. His statement of it will always be, and from necessity must be, closely scrutinized.

2. SAME—*presumptions.* It will always be presumed that a prisoner, making an application for a continuance, makes the strongest possible statement in his own favor.

3. An affidavit for a continuance must not only state the facts, but also their materiality.

4. SAME—*good character.* Although good character can be given in evidence in every case, yet, if there is no other ground of defense, a continuance will not be granted for such purpose alone.

5. EVIDENCE. On an indictment for forging checks, it is proper to give in evidence on the trial, that the defendant about the same time passed other forged checks, for the purpose of showing *scienter* or guilty knowledge.

WRIT OF ERROR to the Recorder's Court of Chicago; the Hon. EVERT VAN BUREN, Judge, presiding.

The plaintiff in error was indicted for forgery at the October Term, A. D. 1866, of the Recorder's Court of Chicago. On being arraigned, he pleaded not guilty, and entered his motion for a continuance, which being overruled, exceptions were taken.

The affidavit for a continuance was as follows:

" *State of Illinois, Recorder's Court of the city of Chicago.*
" J. R. STEELE *ads.* THE PEOPLE OF THE STATE OF ILLINOIS.
" CITY OF CHICAGO, ⎱ *ss.*
    COOK COUNTY, ⎰

    " John R. Steele, being duly sworn, says he is indicted in this court under three indictments for forgery, two for passing forged checks, and one for attempting to pass a forged check ; that this affiant cannot safely proceed to the trial of either of said causes for the want of material witnesses who are absent, and whose presence this deponent has been unable to procure at this present term of this court ; that John Lynch is a material witness for this deponent ; that he resides in the city of Philadelphia ; that this deponent has made every exertion in his power, by writing letters and telegraphing, and by the exertion of his friends, to obtain his presence at the present term of this court, and has been unable to do so, but verily believes he can procure the attendance of the said John Lynch at the next term of the said court ; that this deponent can prove by said John Lynch that the check purporting to have been drawn by H. M. Thompson & Co., was given to this affiant in payment of a precedent debt, and was represented to this deponent to be genuine, and he, the deponent, took it as such ; that the name of the man who thus transferred it to this defendant is J. B. Cross, and that such transfer was in the afternoon before this defendant attempted to pass the same on the Merchants' Savings, Loan and Trust company of this city, as alleged in said indictment ; that this deponent expects to prove by John McCoy, who lives in the city of New York, that a man by the name of P. G. Rice or Wright, and not this deponent, was the man who presented the check to the Union National bank, as alleged in said indictment, and procured the money on the same, and that he is a man who resembles this deponent in appearance ; that said McCoy is a material witness for this defendant, and he cannot safely proceed to the trial of said cause without said witness McCoy ; that this defendant has not been able to procure the attendance of said witnesses, but expects to be able to procure the attendance of said wit-

nesses by the next term of the said court; that this defendant knows of no other witness by whom he can prove the facts above set forth, which he expects so as aforesaid to prove by said witnesses Lynch and McCoy; that this affiant is not a resident of this city, and he avers that if time is given him till the next term of this court, he can procure a large number of respectable witnesses who have known this affiant for years, and can testify to his uniform good character; that the names of some of said witnesses are Norman T. Stevens, Samuel Blair, Albert Fitler, George Anendel, Charles Brooks, William L. Hirst, Joseph Levi, Freeman Scott and Gen. Cadwallader, who all reside in the city of Philadelphia; that this deponent would have made this application before, but for the reason he has been confined in jail since his arrest; that he has been unable to retain counsel for the want of funds, which he has been daily expecting for that purpose; that his counsel have both of them refused to consider themselves fully retained as such until they were paid a retaining fee, which has not been done. J. R. STEELE.

"Sworn to and subscribed this 16th day of Oct., A. D. 1866.
"DANIEL O'HARA, *Clerk.*"

The defendant was put upon trial, and the jury found him guilty and fixed the term of imprisonment in the penitentiary at thirteen years.

Motions for new trial and in arrest of judgment being overruled, the court rendered judgment upon the verdict. The defendant sued out this writ of error.

Messrs. TYLER & HIBBARD, for the plaintiff in error.

Mr. R. G. INGERSOLL, Attorney General, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an indictment in the Recorder's Court of the city of Chicago, at the October Term, 1866, against J. R. Steele, for

attempting to pass, as genuine, a forged check, purporting to have been drawn at Chicago, on the 25th of September, 1866, by H. M. Thompson & Co., on the Merchants' Savings, Loan and Trust company, and in favor of William E. Hudson or bearer, for $990.

Being duly arraigned for trial on the indictment, the prisoner pleaded not guilty and presented his affidavit for a continuance, on the ground of the absence of John Lynch, a material witness for him; that the witness resides in the city of Philadelphia, and every exertion, by letters and by telegrams, had been used to procure his presence, without success, but believes he can procure his attendance at the next term; that he can prove by Lynch, that the check in question was given to the affiant in payment of a precedent debt, and was represented to him to be genuine, and he took it as such; that the name of the man who thus transferred it to affiant, is J. B. Cross, and that such transfer was in the afternoon before affiant attempted to pass it on the Merchants' Savings, Loan and Trust company.

He further stated, that he expected to prove, by certain respectable citizens of Philadelphia, whose names are given, that he was a man of uniform good character, and that he has no other witnesses by whom he can prove these facts. There is also in the affidavit, reference to another case, in regard to a check on the Union National bank, but as it has nothing to do with this case, we make no comments upon it.

The court denied the motion for a continuance, to which the prisoner excepted, and has assigned as error this refusal of the court to grant a continuance.

It appears the prisoner was arrested on the day he presented the check at the office of the company on which it was drawn, and on the 6th of October following was indicted, tried and convicted, and sentenced to the penitentiary for thirteen years.

That every person arrested for crime should have a reasonable opportunity to prepare his defense, cannot be gainsaid, but he is required to show that he has a defense, his statement of it will always be, and from necessity must be, closely scrutinized.

The only facts constituting a defense (and it must be presumed the prisoner made the strongest possible statement in his own favor), is that he could prove by Lynch, the absent witness, that he received the check in payment of a precedent debt, and that it was represented to the prisoner to be genuine, and that he received it as such, and that the name of the man who transferred it to him was J. B. Cross.

There are glaring defects in this affidavit, and fully justified the court in refusing the continuance. It does not state any particulars about this precedent debt, or who was the debtor, nor the consideration or circumstances out of which it arose, nor who represented to the prisoner that it was genuine, nor does it negative all knowledge on his part of its want of genuineness. It might very well be, if the prisoner was a confederate of a noted forger, the checks or bills upon which he desired to obtain money would be represented to be genuine, and yet the confederate receiving them would well know they were false, forged and fraudulent. He does not swear that he did not know it was forged paper when he received it, but leaves the inference that he did know it by not denying such knowledge.

An affidavit for a continuance must not only state the facts, but also their materiality. *Moody* v. *The People,* 20 Ill. 315. Now, how was it material that it was represented to the prisoner that the check was genuine, without stating who made the representation, and that he did not know at the time he received it, that it was not genuine? From what the prisoner did state in the affidavit, the court had a right to infer he knew the check was forged, or he would have sworn he did not know it. We do not perceive that these statements tend in the least degree to establish the prisoner's innocence, but rather to inspire the belief that he was a confederate of Cross, and employed by him to get the money on his forged paper, being, of course, told by Cross that the paper was genuine, and Cross is represented by prisoner's counsel to be a notorious forger.

Nor does the affidavit state that Lynch was present at the

time he received the check, or when it was given or by whom. The affidavit was clearly insufficient to justify the court in granting a continuance.

The other branch of the affidavit, going to show that he could prove a good character, was not of itself sufficient to compel the court to grant a continuance in order that the prisoner might obtain the testimony of the witnesses to that point. In criminal cases this court has said such evidence can be given in every case (*Jupitz* v. *The People*, 34 Ill. 516), but if there was no other ground of defense, we know of no precedent where a continuance has been allowed for this purpose alone.

It is also assigned as error that the court on the trial of the indictment, permitted the prosecution to give evidence of his passing, about the same time, other forged checks.

There was no error in this, as such evidence tended to show the *scienter* or guilty knowledge. Wharton's American Crim. Law, 292.

As to the evidence in the cause, it was crushing upon the prisoner, the force of which the jury could not withstand. The single fact that the prisoner acted under an assumed name, when if his own name, which is said to be honorable, and the possession of a highly respectable family in Philadelphia, and he was innocent, his name would have gone far to acquit him. But he made his appearance under another name, and when arrested by Honoter in the street, he attempted to destroy the check, tearing it and chewing the fragments, and refused to accompany him to the alleged drawer of the check. His conduct, as developed by the testimony, comports not with innocence. He had not youth and inexperience to plead for him in extenuation, for he is of mature age, and has taken an active part, as his counsel tell us, in the busy and stirring scenes of life.

The other error relied on is, that only eleven jurors were impaneled in the cause.

From the record originally filed here, this assignment of error would appear to have no foundation, for in the panel as

found there, twelve men, whose names are given, appear to have formed the jury.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*