## Henry Fish v. People, etc., ex rel.

1. PRACTICE—*Orders of Court.*—Where the court in the course of a trial entered an order upon the docket "Continued until attorneys agree as to date for trial," and later on in the term, entered an order continuing the case until the next term, such order must be interpreted as applying only during the term at which it was made, and is superseded by a subsequent order at the same term definitely continuing the case to the next term.

2. CONTINUANCE—*Requisites of the Affidavit.*—An affidavit for a continuance by a defendant in a bastardy proceeding ought to deny the truth of the charge against him and disclose some defense in bar of the action.

Bastardy Proceedings.—Appeal from the County Court of Fulton County; the Hon. G. L. MILLER, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

KINSEY THOMAS and I. R. BROWN, attorneys for appellant.

B. M. CHIPERFIELD, State's Attorney of Fulton county, for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This proceeding was instituted on the 4th day of October, 1897, before a justice of the peace in Fulton county, on complaint of Annie Shawgo, an unmarried woman, charging appellant with being the father of her illegitimate child.    The proceedings at the preliminary hearing resulted in appellant entering into recognizance to appear before the County Court on the first day of the next term, to there answer the charge and abide the order and judgment of the court.    At the return term, there was a mistrial because of the failure of the jury to agree, and the case was continued to the May term, 1898.    When the case was reached at the May term it was not tried, but, in pursuance of some arrangement among the attorneys, the judge entered on his docket, "continued until attorneys agree as to date for trial," and later on in the term, the court entered an order continuing the case to the next term.    The next term was the November term, 1898, and on the 12th of November of that term, the State's attorney notified one of appellant's attorneys that the case would be called for trial on the 21st day of that month.    Upon receiving such notice, no other date was suggested by appellant's attorneys, nor was any objection made to the day named.

Appellant's counsel contend that by the order of the court, entered during the May term, the case was continued indefinitely, and that it could not, at any subsequent time, be set or called for trial until some date had been agreed upon, and that appellant's attorneys did not agree that the case might be set for, or called, on November 21st.

We do not so interpret the order.    We understand that order as applying only during the term at which it was made. The subsequent order of that term definitely continuing the case to the next term, entirely superseded that order, and the case stood for trial subject to call, in its order on the

docket, at the next term. It was the duty of appellant, under the conditions of his bond, to take notice and be present on the first day of the term to which his case was continued, and it was his duty, under the law, to exert himself in the meantime, to be ready for trial. Assuming that appellant's attorneys understood it as they now contend, they were in no manner deceived or unfairly dealt with, for they were given ample notice of the date the case had been set for, and made no objection to the day fixed.

The case was tried by jury, on the day for which it was set, resulting in a verdict and judgment against appellant.

A number of errors are assigned on the record, but the only one relied on as ground for reversal is, that the court denied appellant's motion for continuance.

After a motion for change of venue had been overruled and the case finally called for trial, appellant moved the court for a continuance of the case to the next term, because of the absence of certain witnesses, and supported his motion by his own affidavit and that of both his attorneys, as to diligence in procuring attendance of the witnesses and as to the materiality of the testimony they would give, if present.

On the 17th day of November appellant's attorneys filed a præcipe with the clerk for subpœna for seven witnesses; the sheriff, on the day set for trial, made return of service as to four of them, and not found as to the three others. When this subpœna was actually delivered to the sheriff does not appear, nor does it appear that the sheriff knew, or that he was in any manner directed to where the witnesses might be found. Appellant had all the time that had elapsed since the adjournment of the previous term to get ready for this trial, and his attorneys had nine days actual notice of the date set for the trial. The witnesses all lived in the country, and it must be presumed were all then at their usual places of abode, within a few miles of the court. Upon the facts, as disclosed by this record, it can not be held that due diligence was exercised by appellant and his attorneys to procure the attendance of the absent witnesses, nor can it be held that due diligence in that

behalf, on their part, would not have resulted in procuring the attendance of such witnesses.

We do not deem it our duty to further discuss the sufficiency of the showing in support of the motion for continuance, yet, in our judgment, it is subject to just criticism in a number of respects. For instance, appellant does not, in his affidavit, deny the truth of the charge against him, nor disclose any defense in bar of the action. True, the affidavit states the existence of some testimony which, if produced, would tend to impeach the prosecuting witness, and also tend to support a denial of the charge, but neither in the affidavit nor on the trial did appellant deny the charge. He was present during the trial, accompanied by his attorneys, with four of his witnesses in attendance, and saw fit to neither testify in his own behalf, nor offer any of his witnesses.

As we understand appellant's brief, his counsel do not contend that the court erred in refusing to grant the change of venue prayed, and they admit that their affidavit in support of their motion for new trial, which was made and presented to the judge after the motion had been argued and decided, and the court had adjourned for the term, is not proper part of the record.

Having examined with such care as we can, the material objections urged by appellant against the record in this case, and finding no error sufficient to warrant a reversal, we therefore affirm. The order and judgment of the County Court is affirmed.