(No. 18920.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MICHAEL KOWALSKI, Plaintiff in Error.

*Opinion filed October 25, 1928.*

168

ROBERT M. WOODWARD, (CLYDE C. FISHER, of counsel,) for planitiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Michael Kowalski, was indicted, tried, convicted and sentenced to the penitentiary at Joliet on the charge of an assault upon Raymond Karas with intent to commit murder. The record is now before this court for review upon writ of error.

It is first contended by plaintiff in error that the court erred in forcing him to trial without ample time for the preparation of his defense. He was indicted on the 8th day of November, 1927. The case was set for trial on December 13, 1927, on which date an inexperienced attorney entered his appearance and the cause was continued to Decem-

ber 15, 1927. On the 15th of December, 1927, Robert M. Woodward, who appears as attorney of record here and who tried the cause in the court below, at 11:30 in the morning entered his appearance, and at 2:00 o'clock, when the cause was called for trial, the following colloquy took place:

Mr. Woodward: "In this case, your honor, I just got into it a few minutes ago; don't know much about the case except that I understand your honor has set this case for 2:00 o'clock. Of course I would like to continue it.

The court: "We want to dispose of it.

Mr. Ditchburne: "I am ready for trial.

Mr. Woodward: "Of course, I would like to make a motion for continuance.

The court: "But you have hardly the face to do it.

Mr. Woodward: "I haven't time to look up any authorities.

The court: "You can get a jury."

While it is highly important that justice should be speedily meted out and that criminals should be punished with celerity and dispatch, it is much more important that before punishment should be inflicted upon a person accused of crime full opportunity should be given to place the court in possession of all the facts bearing upon the question of the guilt or innocence of the accused, so that the court and jury may ascertain the truth as to whether or not the person accused is, in fact, guilty of the crime. Section 9 of article 2 of the constitution of this State provides that in all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel. This right includes reasonable time for counsel to prepare the defense. The constitutional guaranty that an accused shall have the assistance of counsel is not a barren right but one of inestimable value to him, and he should not be deprived of it by compelling counsel to go to trial unprepared and without an opportunity of studying the case. (*People* v. *Blu-*

*menfeld,* 330 Ill. 474.) In the instant case counsel for plaintiff in error made no motion for a continuance, either written or oral. He did not ask the court for time in which to prepare such motion, and he is not now in a position to ask this court to reverse the judgment on the ground that a continuance was not granted.

On June 18, 1927, the complaining witness, Raymond Karas, was shot twice while he was on his way home from a concert, where he had been playing. He was carrying his mandolin and a portfolio. There is evidence tending to show that as he was going home he saw plaintiff in error in his car fifty or seventy-five feet from him, on the same side of the street; that defendant stopped and Karas asked him what he was going to do; that he stuck his hand in his pocket and said, "I will kill you," and fired; that the first shot pierced Karas' ear and the second shot came out through his neck. There is evidence, apparently equally credible, tending to prove that on the evening of June 18 plaintiff in error, while returning to his home from Elmwood Park, driving his automobile, came to the corner of Hancock and Fullerton, where he saw Karas, who made a motion to stop, and plaintiff in error drove close to the curb; that Karas asked to have a talk with him; that plaintiff in error got out of his car and walked along south with Karas on the west side of Hancock street; that when they had walked a short distance Karas asked plaintiff in error what was the idea of his going out with his wife; that plaintiff in error asked, "Since when is she your wife again?" that Karas stepped to one side, called Kowalski a vile name, put his hand in his pocket and drew out a revolver; that plaintiff in error grabbed Karas by the wrist with one hand and by the elbow with the other and forced him almost to the ground, at the same time trying to jerk the gun out of his hand; that in the struggle two shots were fired from the revolver, which was then thrown on the ground by Karas and plaintiff in error went away. The

gun was offered in evidence. The complaining witness testified that he recognized the gun as one which had been bought by a brother of plaintiff in error eight years before and which he had last seen in plaintiff in error's possession in 1923. Plaintiff in error denied ever having possessed the gun, and he and his brother both testified that the brother had never been in Chicago until about a year prior to the trial. Evidence was introduced as to plaintiff in error's general reputation as a peaceable, law-abiding citizen prior to the time of the alleged commission of the crime. No persons were near enough to Karas and plaintiff in error to see the commencement of the difficulty or to hear what was said by either of them. Credible witnesses, however, who were on the street at the time testified to circumstances tending to corroborate each of them. There was evidence in the record tending to show a motive on the part of plaintiff in error to commit the crime, and there was likewise evidence in the record showing an equal motive on the part of Karas to make an assault upon plaintiff in error. The evidence as to plaintiff in error's guilt was not so conclusive that the jury could not reasonably have brought in a verdict of not guilty.

On the trial of the case the court allowed Henry Karas, a brother of Raymond Karas, to testify to a difficulty which he had with plaintiff in error in January, 1925, at which time plaintiff in error asked if witness had called him a crook, to which witness replied, "I call you a crook and will have nothing to do with you," in reply to which plaintiff in error said, "If you are not going to stop talking about me I am going to get even with you." This testimony in nowise tended to prove any issue involved in the instant case and should not have been admitted.

It is contended by plaintiff in error that the court erred in giving to the jury the following instruction:

"The court instructs the jury that if you believe from the evidence beyond a reasonable doubt that the defend-

ant Michael Kowalski, with malice aforethought either expressed or implied, made an assault with a deadly weapon upon Raymond Karas, in manner and form as charged in the indictment, then the jury should find the defendant, Michael Kowalski guilty."

Plaintiff in error's defense was that the shooting of Karas occurred while the revolver was in Karas' hands and plaintiff in error was attempting to defend himself from being shot by Karas, and that in the struggle which took place between the two men Karas accidentally shot himself while attempting to shoot plaintiff in error. The instruction given to the jury entirely ignores the plea of self-defense. If Karas was the first assailant and attempted to shoot plaintiff in error, and plaintiff in error then grappled with Karas and either intentionally or accidentally twisted Karas' arms so that the shots, when discharged, struck Karas instead of plaintiff in error, he could not be held to be guilty of an assault with intent to commit murder. The instruction given entirely ignores the plea of self-defense and it was error to give it. (*People* v. *Dascola,* 322 Ill. 473; *People* v. *Sprenger,* 314 id. 602; *People* v. *Casino,* 295 id. 204.) This instruction directed a verdict, and the error in giving it could not be cured by other instructions.

Other errors are assigned and argued, but as they are not likely to occur when the case is again tried we refrain from discussing them.

We have carefully examined the record in this case and are of the opinion that the ends of justice require that the judgment of the criminal court of Cook county be reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*