(No. 20689.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERNARD TRIMBLE, Plaintiff in Error.

*Opinion filed June 18, 1931—Rehearing denied October 8, 1931.*

HAROLD J. BANDY, and A. AUSTIN LEWIS, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM H. SCHUWERK, State's Attorney, and J. J. NEIGER, for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was indicted in the circuit court of Randolph county, with Roy S. Ransin, Edward Ripley and Vito DeRoun, under charge that they on March 18, 1930, while armed with revolvers, robbed one Joseph Siegfried of money, bonds and personal property of the value of approximately $47,000. Plaintiff in error was arrested on March 22, 1930, and was released on bond until August 8, 1930, when he was surrendered and remained in custody until the time of the trial, on September 29, 1930. The indictment in the case was returned on September 23, 1930. DeRoun absconded and his bond was forfeited. Ransin testified that he and Ripley were the ones who committed the robbery and that plaintiff in error had nothing to do with it. Ripley testified on behalf of the People, to the effect that the robbery was committed by himself and Ransin and that it was planned by plaintiff in error and DeRoun. A separate trial appears to have been secured for Ripley. Ransin and plaintiff in error were tried jointly. A verdict of guilty was rendered, sentence imposed, and plaintiff in error brings this cause here on writ of error.

The errors assigned are the refusal of the trial court to grant a continuance and the admission of the testimony of Ripley.

Plaintiff in error was arraigned on September 25, 1930, and entered a plea of not guilty and the cause was set for trial on September 29, 1930. On that date motion for continuance was submitted on behalf of plaintiff in error, supported by his own affidavit, in which he stated that he was not guilty and that he was a resident of Missouri and was not in Randolph county on the day of the robbery but was

in the city of St. Louis, as he would be able to show by many witnesses if given an opportunity to secure them, but that they could not be brought by subpœna and it would be necessary for his attorney to procure their agreement to appear. He also stated that he desired to prove good character, which would require the attendance of witnesses from the city of St. Louis. His counsel, H. J. Bandy, also filed an affidavit, stating that he was engaged in various State and Federal courts and would be until October 6, 1930, and would be unable to appear on behalf of plaintiff in error. These motions were presented by A. Austin Lewis, an office associate of attorney Bandy. The State's attorney filed a counter-affidavit, stating that plaintiff in error was arrested on the 20th of March, 1930, in the city of St. Louis; that on extradition proceedings he was represented by counsel living in St. Louis; that some time in May plaintiff in error was released on bond and remained out of jail until the 8th of August, 1930; that the State did not claim in the prosecution of this case that plaintiff in error was in Randolph county on March 18, 1930; that attorney Bandy on May 3, 1930, represented DeRoun at the preliminary hearing held in Randolph county; that at the preliminary hearing plaintiff in error testified against DeRoun and admitted his participation in the robbery with which he is charged, and that all the facts in connection with the robbery with which plaintiff in error was charged were known to attorney Bandy as early as May, 1930. Motion for a continuance was denied and the court appointed attorney Lewis as counsel for plaintiff in error. Thereupon plaintiff in error filed a second motion for continuance, supported by the affidavit of himself and attorney Lewis. Plaintiff in error's second affidavit is in substance the same as his first. Lewis' affidavit set out that he had been given no opportunity to prepare for the trial and that he was not familiar with the case and would be unable to make a proper defense. This motion was overruled.

All persons charged with crime are entitled to a reasonable time to prepare a defense. It is incumbent upon the defendant, however, to set up in his application for continuance not only that he has a meritorious defense but the materiality of the facts which he expects to show by such absent witnesses. Plaintiff in error's affidavit stated that he expected to show by witnesses that he was not in Randolph county at the time of the robbery. The People admitted that he was not, and stated that they did not expect to attempt to show that he was in the county at that time. The only other proof which his affidavit states he desired to make was as to his good character. This is not of itself sufficient to compel the court to sustain his motion for continuance. All defendants are presumed to be of good character, and proof to the contrary cannot be offered by the People in absence of proof of good character on the part of the defendant. While evidence of good character of the defendant may be given in every criminal case, yet if there be no other ground shown it is not error to deny a continuance for this purpose alone. (*Steele* v. *People,* 45 Ill. 152; *Jupitz* v. *People,* 34 id. 516.) The affidavits filed in this case were defective in the particulars referred to.

Plaintiff in error relies solely on *People* v. *Blumenfeld,* 330 Ill. 474, to sustain his contention that it was error to overrule his motion for continuance. In that case a vital question of fact was the whereabouts of the defendant on the day of the robbery. Blumenfeld in his affidavit for continuance set up that defense in detail, naming the place where he claimed to have been on that date, naming the witnesses by which he expected to prove his presence at that place, stating the efforts he had put forth to locate them and stating why he had been unable to do so. That case is not applicable, on the facts, to the case at bar.

It is also argued that the affidavit of counsel for the defense was sufficient to require a continuance. The matter of granting continuance because counsel is engaged in

another case rests largely in the sound judicial discretion of the trial court and will be disturbed on review only when it is shown that that discretion has been abused. (*People* v. *Singer,* 288 Ill. 113; *Condon* v. *Brockway,* 157 id. 90; *Long* v. *People,* 135 id. 435.) In all trials of criminal cases it is important that a full opportunity be given to prove all facts bearing upon the issue of guilt or innocence of the accused. It is the constitutional right of the accused to appear and defend in person or by counsel. In this case the court appointed the associate of plaintiff in error's counsel to defend him. His counsel of his own choosing is shown by the affidavit of the State's attorney to have been familiar with the facts of the case since the preceding May. Plaintiff in error did not testify, and the only purpose for which a continuance under his affidavit was sought could have been justified was to secure the attendance of character witnesses. The trial began four days after the arraignment, but both plaintiff in error and his counsel had full reason to believe for some months that the indictment would be returned. No strict rule can be announced as to when counsel for a defendant, feeling that his other business will consume his time, should secure assistance on behalf of a client who is about to be tried, but so far as the record shows it would seem that in the four days intervening between arraignment and trial plaintiff in error's counsel could have procured the attendance of character witnesses from St. Louis. There was no showing of any attempt to do so. The denial of a continuance on the ground of want of preparation of counsel was not such an abuse of discretion, under all the facts in this case, as to require a re-trial.

The record shows beyond all doubt that plaintiff in error, with others, planned this crime. His own confession appears in evidence. No complaint is made of instructions or the introduction of testimony save that of Ripley. The reason assigned is that Ripley was indicted with plaintiff in error and should have been tried with him and therefore

it was error to receive his testimony. Such fact does not render his testimony incompetent, and no other objections are urged to the subject matter, manner of his examination or the competency of his testimony. That testimony was to the effect that the robbery was planned by plaintiff in error and DeRoun and was committed by the witness and Ransin, and that bonds of the value of $29,000 taken in the robbery were delivered to plaintiff in error. Plaintiff in error's only witness was Ransin, who admitted the robbery by himself and Ripley and the delivery of some of the stolen bonds to plaintiff in error but denies that plaintiff in error knew anything about the robbery.

We are of the opinion that there is no error in this record requiring reversal of the judgment, and it will be affirmed.

*Judgment affirmed.*