574

## The People of the State of Illinois ex rel. Anna Lee Linton, Appellee, v. Leo Barth, Appellant.

Opinion filed September 19, 1932. Rehearing denied October 22, 1932.

MEYER & MEYER, for appellant.

J. H. ALLIO, State's Attorney, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

This is a bastardy proceeding in which appellant was found to be the father of the child of the relatrix. At the time of the trial relatrix was 16 years of age and appellant was 29. Appellant contends that the court erred in overruling his motion for a continuance which was based on the absence of a certain witness. It was incumbent upon appellant to show that he had a meritorious defense and the materiality of the facts which he expected to prove by the absent witness. *People v. Trimble,* 345 Ill. 82; *City of Elgin v. Nofs,* 212 Ill. 20, 23. That rule was applied in a bastardy case. *Fish v. People,* 86 Ill. App. 408. By this affidavit in support of his motion, appellant did not attempt to show a meritorious defense. He stated that he expected to prove that the absent witness had sexual intercourse with the relatrix during November and December, 1930, and January, 1931, but he failed to show the materiality of the alleged facts. There was no showing as to whether a child had been born and the date of its birth. At the time the motion was filed and passed upon, there was nothing in the record or the affidavit to inform the court that the dates mentioned were in any way material to the issue.

Appellant insists that the court erred in excluding three letters which were written to relatrix by the witness Hubbard. The court did not err in its ruling in that regard as will be seen from *Razor v. Razor,* 149 Ill. 621. There was a conflict in the evidence and for that reason the court did not err in refusing to direct a verdict in favor of appellant.

It is argued that the verdict is not supported by the evidence. We have carefully considered the evidence and we are satisfied we would not be warranted in disturbing the verdict. Appellant insists that the second and third instructions given for appellee are erroneous because they require the jury to believe from the evidence, instead of from a preponderance of the evi-

dence. The objection is without merit. *Donk Brothers Coal & Coke Co. v. Thil,* 228 Ill. 233. It is also argued that the court erred in refusing certain instructions asked by appellant. Most of those objections failed to point out any reason why the instructions should have been given. We have carefully considered the rulings thereon and the instructions given on behalf of appellant. Our conclusion is that the jury was fully and fairly instructed.

In support of the motion for a new trial appellant filed his own affidavit in which he averred that upon another trial of the case three named persons would contradict certain portions of the testimony of the relatrix. That matter cannot be considered for the reason stated in *Janeway v. Burton,* 201 Ill. 78; *People v. Weisman,* 296 Ill. 156. No reversible error having been brought to our attention the judgment is affirmed.

*Affirmed.*