(No. 37620.—

The People of the State of Illinois, Defendant in Error, *vs.* James Armstead, Plaintiff in Error.

*Opinion filed May 27, 1963.*

JEROME H. TORSHEN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant was indicted for the murder of Wesley Lyons. He was tried by the court without a jury, found guilty, and sentenced to the penitentiary for a term of 40 years. His contention on this writ of error is that he was denied due process of law, contrary to the constitution of the State of Illinois and to the United States constitution, in that he was compelled to proceed to trial while represented by an attorney other than the attorney engaged and paid by him, and after the attorney named to represent him advised the trial court she was unprepared and had not had an adequate opportunity to study and prepare his case.

The record shows that on October 5, 1955, defendant was arraigned and on that date Joseph Clayton filed appearance as attorney on behalf of defendant. The case was continued nine times with subpoenas issued for witnesses on each occasion. Six of these continuances were on motion of

defendant and three by agreement. On March 8, 1956, the case was continued on motion of the defendant to March 28, 1956, with subpoenas for all witnesses. The trial judge indicated this would be the last continuance.

On March 28, 1956, when the case was called for trial, an attorney, Miss Bernice Leaner, informed the court that her associate, Joseph Clayton, was on trial in Peoria, Illinois, but would be available the next day. She expressed her desire to be counsel with Clayton and said she would enter her appearance but was not prepared to proceed. In the meantime, the court appointed the public defender to represent defendant and he conferred with defendant. After a short recess, the public defender advised the court he would be unable to proceed with the defense. Thereafter, Miss Learner advised the court she wanted to be named as counsel. The court then advised her if Clayton did not appear she should represent defendant.

On March 29, 1956, Miss Leaner expressed her reluctance to proceed without her associate but she did not request a continuance. She represented defendant in the early stages of the trial while Clayton was engaged in another courtroom in the same building. Later in the day, Clayton appeared and participated in the trial.

We cannot conceive in this state of the record any error in the trial. At no time was a continuance requested nor did any of defendant's attorneys ever assert they did not have sufficient time to prepare a defense. Where this question is not raised at the trial, it cannot be considered on review. (*People* v. *Kowalski,* 332 Ill. 167.) The many continuances granted defendant and the fact that Clayton had been attorney of record for defendant for almost six months prior to the trial would show ample time for the preparation of a defense by that attorney. Defendant was informed of the charge well in advance of trial and had ample opportunity to consult with counsel and to prepare his defense.

Defendant's own chosen counsel, Joseph Clayton, par-

ticipated in the trial without any showing of objection to proceeding with the trial. Prior to Clayton's participation, his associate fully represented defendant, without protest by defendant, and in fact at the request of such associate. She did not ask for a continuance. In *People* v. *Trimble*, 345 Ill. 82, defendant's attorney was engaged in another court and did not appear. Upon motion for continuance denied, one of the attorney's associates was appointed to represent defendant during the trial. It was held there was no abuse of discretion. In the instant case there was no abuse of discretion and no constitutional rights were violated.

Defendant makes no claim of prejudicial error in the trial. He was represented by counsel throughout the entire proceedings. His privately chosen counsel was present part of the trial and participated in the defense. A fair trial was had in accordance with defendant's constitutional rights.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*