THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED JENNINGS, Defendant-Appellant.

(No. 70-121;

Second District—March 8, 1971.

*Rehearing denied March 30, 1971.*

Morton Zwick, of Defender Project, of Chicago, (E. Roger Horsky, of counsel,) for appellant.

William J. Cowlin, State's Attorney, of Woodstock, for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

An indictment was returned in the Circuit Court of McHenry County against the defendant, Fred Jennings, and a co-defendant, Louis Huff, on November 17, 1969, charging them with aggravated battery and armed violence. Both defendants entered a plea of not guilty, and after waiving a jury trial, they were tried in a joint bench trial. Defendants were convicted on both charges, and the defendant Jennings was sentenced to serve five to ten years in the Illinois State Penitentiary. Defendants' post-trial motions were denied and defendant Jennings has appealed, his co-defendant taking no part in this appeal. Jennings was represented at the trial by counsel of his own choice.

For this appeal, the trial judge appointed Morton Zwick, Executive Director of the Illinois Defender Project, as counsel. Thereafter, Zwick filed a petition for leave to withdraw as counsel on appeal in this court, pursuant to *Anders v. California*, 386 U.S. 738. He also filed a brief, in support of his petition to withdraw, to substantiate his position that after a careful and independent investigation and conscientious examination of the case, he is unable to find any legal points which are arguable on their merits. Proof of service indicates that a copy of the petition and brief were mailed to Jennings at the Joliet Penitentiary on September 18, 1970. On that same date this court, on its own motion, caused its clerk to direct a letter to the defendant whereby he was further notified

that, on the court's own motion, the matter had been continued until October 16, 1970, in order to allow Jennings to file any additional matters that he may feel meritorious on his behalf or other matters as to why the petition should not be allowed and the court after proper review of the record, affirm the judgment against him.

Thereafter, Jennings filed a *pro se* brief and argument, and the errors he stated therein as being relied upon for reversal were that there was: 1) a malicious prosecution by the State; and 2) the defendant was not proved guilty beyond a reasonable doubt. In said brief, he states that there was no evidence that he was present when the incident occurred. The brief and argument of Zwick, in support of his petition for leave to withdraw, states the possible issues presented as: 1) whether the defendant knowingly and intelligently waived his right to trial by jury; 2) whether the defendant's retained trial attorney was incompetent and the trial a travesty of justice; 3) whether the court erred in granting defendant's motion for a continuance; and 4) whether defendant was proved guilty beyond a reasonable doubt.

■■ An independent examination of the record reveals that the judge personally admonished the defendant of his constitutional right to be tried by a jury and the consequences of waiving a jury, and that Jennings signed a jury waiver. There is no merit to his first contention. There is also no merit to his second contention, namely that his retained counsel was incompetent and the trial was a travesty of justice. Retained counsel made timely motions to quash both counts of the indictment, a motion to strike testimony of police officers, made timely objections to testimony based on lack of foundation, hearsay, leading witnesses, and allowing testimony of officers who had been present in court. He stressed the unfavorable aspects of the testimony of Brown, the complaining witness, and sought to show provocation. Likewise, there is no merit to the possible contention that the court erred in not granting defendant's motion for a continuance. Counsel was retained by the defendant before December 3, 1969, when he was present at arraignment. The motion for continuance was made and overruled on January 9, 1970, and the trial began on January 12, 1970. Such a motion is directed to the discretion of the court and the defendant must show that he was prejudiced at the trial by its refusal. (*People v. Bond,* 99 Ill.App.2d 45, 50.) On the facts, there is no basis for saying that the motion was improperly denied. *People v. Wilson,* 29 Ill.2d 82, 90.

■■ The issue of whether the defendant was proved guilty beyond a reasonable doubt is stated by Zwick, Executive Director of the Illinois Defender Project, as not arguable on the merits. This is the only issue raised by the defendant in his *pro se* brief of which we take cognizance.

His other contention, namely that this was a malicious prosecution by the State, is not worthy of discussion. The proof of guilt involves the credibility of witnesses and the weight of the evidence. Jennings did not testify in his own behalf. There are certain inconsistencies in the testimony of the complaining witness and the co-defendant, but the credibility and weight to be given each are for the trier of the fact to determine. (*People v. Williams*, 96 Ill.App.2d 64, 67.) We cannot say that the evidence was so unsatisfactory and unreasonable as to raise a serious doubt of the defendant's guilt and that the conviction must be reversed. (*People v. Dawson*, 22 Ill.2d 260, 265.) Although the evidence is somewhat conflicting, our examination of the record reveals that it is legally sufficient to warrant conviction. *People v. Jennings*, 84 Ill.App.2d 33, 39. ■■ We have fully examined the entire record of the proceedings as required by *Anders v. California, supra,* and conclude that the appeal lacks merit, and if pursued further, would be frivolous. Counsel is, therefore, given leave to withdraw as defendant's appellate counsel, and the judgment of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.