The People of the State of Illinois, Plaintiff-Appellee, *v.* Roger Banks, Defendant-Appellant.

(No. 72-178;

Second District—June 4, 1974.

Ralph Ruebner and Adam Lutynski, both of the Office of State Appellate Defender, of Elgin, for appellant.

F. Lawrence Lenz, State's Attorney, of Freeport (James W. Jerz and Martin Moltz, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. PRESIDING JUSTICE T. MORAN delivered the opinion of the court:

Defendant and four other men were indicted for the offenses of robbery and aggravated assault. At the arraignment, the Public Defender represented all five men each of whom entered a plea of not guilty. Trial was set for Monday, February 14, 1972. On that date, private counsel sought to enter his appearance for defendant, informing the court that he had been contacted by defendant on the previous Friday. Substitution of counsel was allowed. New counsel moved for a continuance stating that he was not prepared for trial that day; the motion was denied. A motion was then made to sever defendant's case from that of the co-defendants', such motion being based upon counsel's lack of preparedness and the fact that "some of the defendants [had] made confessions or * * * statements * * * adverse to the interests of Mr. Banks." The court denied the motion for severance but allowed defendant's motion for discovery (with which the State complied that same afternoon). Early that afternoon, before trial began, co-defendant Addison moved for and was granted a severance, and changed his plea to one of guilty. The balance of the afternoon was devoted to selection of the jury.

The following morning, defendant moved to suppress eye-witness identification. Upon denial of the motion, the trial proceeded. Defendant's counsel made no opening statement nor did he call the defendant or any witness to testify in his behalf. The jury found defendant guilty of robbery and aggravated assault and he was sentenced to a term of 4 to 12 years in the penitentiary.

On appeal, defendant's first two issues concern the sufficiency of the indictment and the two remaining question the propriety of the court's denial of defendant's motions for continuance and severance.

It is contended that the indictment for aggravated assault is fatally defective in that it failed to include an allegation that the offense was committed "without lawful authority" and failed to set forth the nature and elements of the offense.

In substance, the indictment charged that on November 17, 1971, at and within Stephenson County, Illinois, Roger Banks knowingly committed the offense of aggravated assault in violation of section 12—2(a)(9) of the Criminal Code (Ill. Rev. Stat., ch. 38, § 12—2(a)(9)) by committing an assault on Thomas Rodebaugh knowing that the individ-

ual assaulted was on or about a public way. The statutory section cited states:

"(a) A person commits an aggravated assault, when, in committing an assault, he: * * *

(9) Or the individual assaulted is on or about a public way, public property, or public place of accommodation or amusement; * * *."

It is readily apparent that the indictment follows the wording of the statute and contains the nature and elements of the offense charged.

. In the recent case of *People v. Harvey*, 53 Ill.2d 585 (1973), it was held that an indictment for aggravated battery couched in statutory terms is sufficient to inform the defendant of the charge and to operate as a bar to a subsequent prosecution. That case also held that failure to allege that the offense was committed "without legal justification" does not render the indictment void since the statute which defines battery contains all the elements necessary to that offense including the lack of lawful justification.

■■ We find that in light of *Harvey*, the first two contentions in the instant matter are resolved against the defendant.

Defendant next contends that the trial court abused its discretion by denying his motion for a continuance, thereby violating his right to the effective assistance of the counsel of his choice and forcing him to trial 3 days after having retained such counsel.

■■ The law is clear that the granting of a continuance based upon defense counsel's lack of preparation rests within the discretion of the trial judge. On review the denial of a continuance on that ground will not be disturbed unless it is shown that this discretion has been abused. (*People v. Hayes*, 52 Ill.2d 170, 175 (1972).) Denial of a motion for continuance will not be considered improper unless it appears that the refusal to grant additional time has in some way embarrassed the accused in the preparation of his defense and has thereby prejudiced him. (*People v. Canaday*, 49 Ill.2d 416, 427 (1971).) Immediately after motions for a continuance and severance were denied, defense counsel moved to dismiss the indictment and filed a written motion for discovery. He conducted cross-examination of the majority of the witnesses and gave a final argument. The record does not suggest that counsel was so unprepared as to prejudice defendant. We find that the trial court did not abuse its discretion by denying defendant's motion for continuance.

Finally, defendant contends that, because co-defendant Addison had given statements to the police which implicated him (Banks), the trial court committed reversible error by denying his motion for severance. The error, if any, was cured when the State moved for and was granted

a severance of its case against Addison who then pled guilty and thereafter testified as a State's witness.

For the reasons stated, the judgment of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.