THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DENNIS DALZOTTO, Defendant-Appellant.

Fifth District   No. 77-10

Opinion filed November 17, 1977.—Rehearing denied January 31, 1978.

Mudge & Riley Law Offices, of Edwardsville, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Defendant, Dennis Dalzotto, appeals from a judgment of the Circuit Court of Montgomery County entered on a jury verdict finding him guilty of aggravated battery. The court imposed a sentence of not less than one nor more than three years. The errors assigned on appeal concern the cumulative effect of sanctions preventing the presentation of evidence which were placed upon the defendant and the denial of his motion for continuance to secure witnesses made during the trial when the sanctions were removed.

Defendant and one Steve Holden were charged in an information with aggravated battery. On January 29, 1976, the State filed a motion for discovery, and shortly thereafter, the defendant, represented by court-appointed counsel, filed his motion for discovery. Subsequent to defendant's arraignment, Montgomery County instituted the office of a public defender. Court-appointed counsel upon motion, was allowed to withdraw, and the public defender was appointed to represent the defendant. Defendant was indicted on April 28, 1976, and on May 19, 1976, the State answered defendant's motion for discovery.

On July 23, 1976, the chief public defender for the Fourth Judicial Circuit Public Defender Project entered his appearance in the case for the sole purpose of objecting to the continued representation of the defendant by his office on the basis that the defendant was not indigent as was evidenced by his posting of a bail bond deposit of $2,500 in cash. On August 4, 1976, private counsel Paul Riley entered his appearance on behalf of defendant. The next day, on motion by the State, the trial judge entered an order barring the defendant from presenting any "defenses, evidence or witnesses" on the ground that he had failed to comply with discovery orders entered in May of 1976. The court also granted defendant's motion for continuance.

The cause proceeded to trial on September 2, 1976. The co-defendant, Steve Holden, had previously pled guilty and had been sentenced. The evidence adduced at the trial through the testimony of David Hill and his wife, Dave Render, Mark Pigg, and Tom Moore, all appearing as witnesses for the State, showed that on the evening of January 14, 1976, David Hill was seated at a table in a pool hall in Litchfield, Illinois, playing cards with Dave Render, Tom Moore and Roger Sharp. At the bar were Albert Diamond, Steve Holden, the defendant and the bartender, Mark Pigg. Defendant and Steve Holden walked over to the table and stood behind David Hill. Without warning or provocation defendant struck Hill across the face with a beer bottle. When Hill attempted to move, Holden struck the other side of Hill's face. Hill's chair was knocked backward, and he fell to the floor. Holden and the defendant continued to strike Hill with their fists and kick him with their

feet. After a few minutes, others in the pool hall restrained Holden and the defendant in order to stop the fight. Hill was helped out of the establishment and went next door to phone his wife who came and took him to the hospital for treatment of his injuries. Hill sustained a broken nose, a cut requiring suture, and an injury to his left eye which was swollen shut.

The State rested on the afternoon of September 2, 1976. When the trial resumed the following day, the trial judge announced that he was revoking the sanctions previously imposed upon the defendant by the court. Defense counsel requested a continuance for the purpose of securing witnesses, noting that prospective witnesses for the defense, in light of the previous ruling imposing sanctions, had not been alerted. At the request of the court, counsel made an offer of proof stating that in order to corroborate proposed testimony of the defendant, he would call as witnesses Albert and Harry Diamond, Roger Sharp and Steve Holden. Counsel stated that Albert Diamond and Sharp were eyewitnesses to the altercation and that Sharp might offer testimony indicating that he was unsure as to whether the defendant struck the first blow. Through the testimony of the two Diamond brothers, he hoped to establish that there was a pre-existing dispute between Holden and the victim and not between the defendant and the victim. The offer of proof was sketchy, and an examination of the record makes it quite apparent that defense counsel was surprised at the reversal of the order imposing sanctions and therefore not prepared to put on a defense.

The State objected to the motion for continuance on the ground that evidence as to a previous dispute between co-defendant Holden and the victim was irrelevant and that the State's own efforts to locate Roger Sharp had been unsuccessful. The court denied the continuance on the basis that the proposed testimony was not relevant or material. The defense then rested without presenting any testimony.

On appeal defendant maintains that the trial court erred in overruling his motion for continuance, because the previous sanctions which barred him from presenting any evidence constituted a denial of his constitutional right to present a defense as guaranteed by the U.S. Const., amends. VI and XIV, and by Ill. Const. 1970, art. I, §2. He argues that the lifting of the sanctions during the trial without granting the requested continuance to enable him to secure witnesses for his defense produced the same effect as if the sanctions had not been removed, and thus deprived him of a fair trial. We agree.

The sanctions prohibiting the defendant from calling any witnesses, presenting any evidence and testifying on his own behalf were imposed under Supreme Court Rule 415(g)(i) (Ill. Rev. Stat. 1975, ch. 110A, par. 415(g)(i)) which provides in pertinent part as follows:

"If at any time during the course of the proceedings it is brought

to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such order as it deems just under the circumstances."

The propriety of the utilization of the exclusion of evidence sanction allowed by Supreme Court Rule 415(g)(i) against an accused was considered by this court in *People v. Rayford*, 43 Ill. App. 3d 283, 356 N.E.2d 1274. There we found it unnecessary to determine whether the use of an exclusion sanction against a defendant in a criminal case was unconstitutional on its face, but we did find that in that case its use to exclude an expert witness offered by the defense was excessive and an abuse of discretion which denied the defendant his right to present witnesses in his own defense. In so holding we stated:

"Sanctions are designed to accomplish the purpose of discovery; but it is clear that the imposition of sanctions should not encroach on a fair trial. (*Department of Transportation v. Mainline Center, Inc.*, 38 Ill. App. 3d 538, 347 N.E.2d 837.) The exclusion of evidence is a drastic measure; and the rule in civil cases limits its application to flagrant violations, where the uncooperative party demonstrates a 'deliberate contumacious or unwarranted disregard of the court's authority.' * * * The reasons for restricting the use of the exclusion sanction to only the most extreme situations are even more compelling in the case of criminal defendants, where due process requires that a defendant be permitted to offer testimony of witnesses in his defense. (*Washington v. Texas*, 388 U.S. 14, 18 L. Ed. 2d 1019, 87 S. Ct. 1920) 'Few rights are more fundamental than that of an accused to present witnesses in his own defense.' (*Chambers v. Mississippi*, 410 U.S. 284, 302, 35 L. Ed. 2d 297, 308, 93 S. Ct. 1038, 1045.)" 43 Ill. App. 3d 283, 286-87.

▪■ In the instant case, since the trial court reversed the order imposing sanctions at the close of the State's evidence, we are only concerned with whether the denial of a continuance to then allow the defense the opportunity to obtain its witnesses was an abuse of discretion. As noted, the continuance was denied on the ground that the proposed defense testimony was not relevant or material. There is no doubt but that it is within the power and discretion of a trial court to exclude evidence offered by the defense in a criminal case on the basis of irrelevancy without infringing upon an accused's constitutional right to present a defense. (See *Chambers v. Mississippi*, 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038; *Washington v. Texas*, 388 U.S. 14, 18 L. Ed. 2d 1019, 87 S. Ct. 1920; *People v. Gischer*, 51 Ill. App. 3d 847, 366 N.E.2d 521; *People v.*

*Lewis*, 38 Ill. App. 3d 995, 998, 349 N.E.2d 528, 531.) It is axiomatic that a motion for continuance is directed to the discretion of the court and the defendant challenging the denial of the motion must show that he was prejudiced at trial by its refusal. (*People v. Banks*, 19 Ill. App. 3d 857, 312 N.E.2d 332; *People v. Jennings*, 132 Ill. App. 2d 147, 267 N.E.2d 511, *cert. denied*, 405 U.S. 930, 30 L. Ed. 2d 805, 92 S. Ct. 985.) Moreover, where the defendant has requested a continuance for the purpose of procuring witnesses, it is incumbent upon him to demonstrate the materiality of the evidence he expects to produce through the absent witnesses. (*People v. Arndt*, 50 Ill. 2d 390, 280 N.E.2d 230; *People v. DeMary*, 37 Ill. 2d 364, 227 N.E.2d 361; *People v. Trimble*, 345 Ill. 82, 177 N.E. 696.) However, compelling reasons for the need to grant a continuance in order to assure a fair trial include a showing that additional time is necessary for the accused to present an adequate defense (*People v. Jefferson*, 35 Ill. App. 3d 424, 342 N.E.2d 185) and surprise at trial requiring the subpoena of additional witnesses (*City of Chicago v. Wernecke*, 306 Ill. App. 2d 514, 29 N.E.2d 301).

In the instant case, the offer of proof made by defense counsel was admittedly lacking in detail, but we cannot but believe that this was the product of a justifiable lack of preparation due to the sanctions in force until a few minutes before the offer of proof was requested by the court. Nevertheless, in the offer made, the defense proposed to present testimony of two eyewitnesses to the crime charged, in addition to the testimony of the convicted co-defendant. We are not constrained to find that testimony of eyewitnesses to the occurrence can be deemed as immaterial or irrelevant. As was held in *Rosen v. United States*, 245 U.S. 467, 471, 62 L. Ed. 406, 409, 38 S. Ct. 148, 150, " * * * the truth is more likely to be arrived at by hearing the testimony of all persons of competent understanding who may seem to have knowledge of the facts involved in a case, leaving the credit and weight of such testimony to be determined by the jury or by the court, rather than by rejecting witnesses as incompetent * * *."

■■ Accordingly, we hold that under the circumstances of this case the denial of the motion for continuance constituted an abuse of discretion which effectively denied to the defendant the right to present witnesses in his own defense.

The judgment of the Circuit Court of Montgomery County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

KARNS and JONES, JJ., concur.