THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellant, *v.* MAINLINE CENTER, INC., *et al.*, Defendants-Appellees.

Fifth District   No. 75-397

Opinion filed May 20, 1976.

William J. Scott, Attorney General, of Springfield (Roy E. Frazier and Russell H. Classen, Assistant Attorneys General, of counsel), for appellant.

A. J. Nester, of Belleville, for appellees.

PER CURIAM (Before Trapp, P. J., Craven and Green, JJ.):

Plaintiff, Department of Transportation, appeals from a judgment awarding damages in a condemnation proceeding. On August 28, 1970, plaintiff filed a petition for condemnation of certain land in St. Clair County for the widening, resurfacing and improving of U.S. Bypass Route 50. Several tracts of land and owners thereof, not involved in this appeal, were named in the petition. Defendant, Mainline Center, Inc., was named as the owner of parcel 69, a triangular piece of land on which was located Mainline Center, a shopping center near the intersection of Bypass Route 50 and West Main Street in Belleville, Illinois. On the same date, plaintiff filed a motion for immediate vesting of title to parcel 69, tract A, and a temporary construction easement over parcel 69, tract B. By order filed May 3, 1971, the circuit court entered a preliminary finding setting the preliminary just compensation for the taking of fee simple title to parcel 69A at $21,900 and for the acquiring of the easement to parcel 69B at $100. On June 15, 1971, the trial court entered an order vesting plaintiff with title to the property and authorizing plaintiff to take possession after June 25, 1971.

On April 23, 1973, defendant filed a cross-petition alleging that the taking of the land described in the condemnation petition and the construction of the proposed project thereon would damage the remainder of the land owned by defendant. The petition prayed that damages to the remainder be assessed. On May 10, 1973, defendant filed a motion for discovery requesting that plaintiff produce for inspection and copying the names and appraisal reports of all appraisers employed by plaintiff who may have appraised parcel 69, and all maps, plats, or photographs of said parcel in the possession of plaintiff. By order filed

May 14, 1973, the trial court granted defendant's motion for discovery, directing compliance within five days.

By motion dated November 12, 1974, defendant moved to bar plaintiff's appraisal witnesses from testifying for plaintiff's failure to comply with the discovery order of May 14, 1973. After a hearing, the motion was granted. On November 13, 1974, a jury trial commenced. Plaintiff's evidence did not include any appraisal reports of the property. Defendant's appraisal witness testified that, in his opinion, the fair, cash market value on August 28, 1970, of the condemned portion of defendant's land was $19,168.13, that the damage to the remainder of the property was $41,250, and that the value of the work easement was $2410.32. The trial court allowed defendant's motion for a directed verdict as to compensation for the property taken and the value of the work easement, but denied it regarding damages to the remainder. The jury returned a verdict setting the amount of damages to the remainder at $41,250, and, as directed, finding the amount of damages for use of the construction easement to be $2410.32 and the just compensation to be paid for the property taken to be $19,168.13.

■■■ The first issue on appeal is whether the trial court abused its discretion by barring plaintiff's appraisal witnesses from testifying. Supreme Court Rule 219(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 219(c)) authorizes the trial court to impose a variety of sanctions in the event of an unreasonable refusal to comply with discovery rules. Exclusion of witnesses is specifically enumerated as a permissible sanction. (Ill. Rev. Stat. 1973, ch. 110A, par. 219(c)(iv).) The sanction rests largely within the sound discretion of the trial court. (*Garofalo v. General Motors Corp.*, 103 Ill. App. 2d 389, 243 N.E.2d 691.) This discretion is broad and its exercise will not be disturbed unless abused. (*Hearst v. City of Chicago*, 9 Ill. App. 3d 1085, 293 N.E.2d 738.) It is fundamental, however, that the purpose of the imposition of sanctions should be to promote the goal of discovery, not to punish the offending party. (*People ex rel. General Motors Corp. v. Bua*, 37 Ill. 2d 180, 196, 226 N.E.2d 6, 16.) The trial court's action substantially precluded plaintiff from introducing any pertinent evidence on the main issue under consideration, leaving the jury with only defendant's version as to the extent of damages. Such an extreme sanction under circumstances like those before us is akin to dismissal with prejudice, and should be employed only as a last resort, when the uncooperative party demonstrates "a deliberate contumacious or unwarranted disregard of the court's authority." *Schwartz v. Moats*, 3 Ill. App. 3d 596, 599, 277 N.E.2d 529, 531.

■■ In the instant case, it is undisputed that plaintiff did not comply with the discovery order of May 14, 1973. Counsel for plaintiff, Russell H. Classen, stated, however, that he had succeeded plaintiff's previous

counsel in June 1973. The file which he received did not contain a copy of the discovery order; nor did it contain any reference to the order. November 12, 1974, when defendant presented the motion to exclude witnesses, was the first time Classen learned of the discovery order. Classen stated that prior to November 12, 1974, he had no knowledge of any requests by defendant's attorney that plaintiff comply with the order; that in June 1973 he agreed with defendant's attorney to set the case for trial and no mention was made at that time of the failure to comply with the discovery order; and that at the docket call on November 8, 1974, both he and defendant's attorney were present and announced "ready" without defendant's attorney noting the failure to comply with the discovery order. As a consequence, the November 12, 1974, motion to exclude plaintiff's appraisal witnesses came as a complete surprise. Classen made it clear that plaintiff was willing to comply with the discovery order and requested that the matter be continued for such reasonable time as would permit defendant to acquire the knowledge it deemed necessary.

As we noted in *Schwartz*, the sanctions enumerated in Supreme Court Rule 219(c) provide a variety of flexible methods by which a court may insure both discovery and trial on the merits. The severity of a sanction should be circumscribed by the conduct of the offending party. Our review of the circumstances under consideration leads us to conclude that the sanction imposed was not justified by the type of noncompliance demonstrated. The sanction, as so imposed, constituted an abuse of discretion.

In view of our action, comment upon the other contentions raised on appeal is unnecessary.

Reversed and remanded for a new trial.