THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AUSTIN PAGE, JR., Defendant-Appellant.

Third District   No. 75-220

Opinion filed June 29, 1976.

Verlin Meintz and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Robert Mueller, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

After a 3-day trial, defendant was convicted on an indictment for burglary in violation of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 19—1). He was sentenced to a term of not less than 1 nor more than 5 years in the penitentiary.

Although no objections were raised in the circuit court to the procedures complained of on appeal, and none were raised in defendant's post-trial motion, it is argued here that under the plain error doctrine, this court should reverse and remand the cause for either or both of two reasons: (1) because the circuit court abused its discretion in denying the jury's request, made during its deliberations, for a "copy of the testimony of Mr. Roddy [a State's witness], [and of] the defendant, and [of] Officers Baum and Hulbert," and (2), because the circuit court, within about 10 hours after their deliberations commenced, recalled the jurors, sua sponte, and delivered the *Prim* instructions (*People v. Prim*, 53 Ill. 2d 62, 289 N.E.2d 601 (1972)), without any indication from the jury that it was deadlocked, thus coercing the guilty verdict returned approximately 40 minutes later.

The record shows that the circuit court, being fully aware of its discretion in the matter, denied the jury's request for a copy of the foregoing testimony not only upon the grounds that no transcript was available but also because of defense counsel's expressed concern that the rereading of such testimony might emphasize certain evidence as opposed to other evidence, and upon his recommendation the jury should be instructed to make its decision on the testimony and evidence it heard.

The jury here had previously requested of the court, during its deliberations, that it be furnished a diagram of the alleged crime scene. None such having been admitted to evidence, counsel for all parties agreed with the court's refusal to honor such request. When the later request for a transcript of the testimony of four witnesses came, defense counsel expressed his concern that only 13 witnesses were heard, and if the testimony of these four is given or read "Will the next question be we want to hear the testimony of the other nine witnesses and—then we re-try the case * * *. We'll have a re-trial by transcript."

■■ Defendant not only failed to object to the court's refusal of the jurors' request for testimony transcripts but recommended that the court exercise its discretion in the very manner it did, believing, reasonably we conclude, that the denial of such request was protective of and favorable to his client's interests. The State took no position as to whether the request should be honored. Under all these circumstances, defendant's attempt to prevail here on the argument that the ruling of the circuit court on this issue was plain error is without merit. The ruling was made in defendant's favor after the court gave consideration to the persuasive deliberations of his experienced trial counsel. Even if we were to agree, which we do not, that defense counsel's judgment was not protective of his client's best interests, any error involved in the court's ruling was plainly invited. *People v. Pierce*, 56 Ill. 2d 361, 308 N.E.2d 577 (1974).[1]

---

[1] Although we take notice of the American Bar Association Minimum Standards, Trial by Jury, section 5.2(b), and the commentary thereto, and the cases cited in the dissenting opinion in *Pierce*, many practical considerations, like those entertained by Mr. Bolden for defendant here, will necessarily influence the circuit court's exercise of discretion in deciding whether to honor a jury's request for a transcript of all or substantial portions of testimony. First, unless parties to the cause stipulate otherwise, the circuit courts will be legitimately concerned that the same safeguards for accuracy that are required for transcripts on appeal under Supreme Court Rule 323(b) (Ill. Rev. Stat. 1975, ch. 100A, par. 323(b)) should prevail, and that an oral rereading of notes by a reporter could generate disruptive disputes or rearguments. Secondly, all evidence admitted to the record is presumably relevant to issues to be decided by the jury. The suggestion that the circuit court *must* grant the jury's request for all the testimony of one or more witnesses, *except* as to evidence which has somehow been received but which in fact does not bear on any of the issues, places a burden on the court of deciding in advance on its own motion, the merits of matters that might or should be raised in a post trial motion of one of the parties, and without benefit of a hearing or opportunity of study. Where a request is so broad, that to honor it would in the reasonable judgment of the circuit court require inordinate delays for guaranteeing authenticity, or require the court to reconsider the propriety of a ruling on the admissibility of evidence, or create a danger of emphasis upon an error that would otherwise have been adequately corrected by other portions of the record not requested, or result in a retrial by transcript as Mr. Bolden observed, we think such requests may be denied as unreasonable. Where the request, however, is for testimony on a specifically designated matter, as in the cases cited in the dissent in *Pierce* (*i.e.*, for rereading of testimony of a witness as to the fact of whether informant was a government employee, or as to place where a mask was found, or regarding the exact words of provocation, or the contents of a specific document), so that no unreasonable delays would result, and the accuracy of the information can readily be ascertained, such limited requests would seem reasonable.

Approximately ten hours after the jury had commenced deliberations, and four hours after the jury had been refused copies of testimony, the court, at 10:09 p.m. and in the presence of defendant and his counsel, and the assistant State's attorney, proposed to them that he call the jury into the courtroom "to inquire whether or not they have arrived at a verdict. If the foreman announces * * * they have not, I propose to read them the instruction suggested by the Supreme Court of * * *Illinois in * * * *People v. Prim* * * *." Both lawyers were invited to comment and neither made any objection. That procedure was followed, and after the foreman announced only that the jury had been unable to arrive at a verdict, the *Prim* instruction was read, and the jury was returned for deliberations. Defendant now argues for the first time that this procedure was plain error requiring a reversal. We disagree.

■■ Considering the complexity of the issues involved in this case we concur in the judgment of defendant's trial counsel and the court that ten hours was a reasonable interval of time for deliberations. In the absence of any indication by any party that he considered it improper after such an interval for the court in this case to give the *Prim* instruction, we are unpersuaded that the mere fact of a subsequent unfavorable verdict converts what was previously accepted as judicial guidance to an incident of judicial coercion. We do not believe this conclusion to be in conflict with our holding in *People v. Anthony*, 30 Ill. App. 3d 464, 334 N.E.2d 208 (3rd Dist. 1975).

The judgment of the circuit court is affirmed.

ALLOY, P. J., and STENGEL, J., concur.