THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN WILLIE RAYFORD, Defendant-Appellant.

Fifth District   No. 75-163

Opinion filed November 1, 1976.

284

Ralph Ruebner, Michael Mulder, and J. Daniel Stewart, all of State Appellate Defender's Office, of Elgin, for appellant.

Donald E. Irvin, State's Attorney, of Mt. Vernon (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorney's Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:
Defendant appeals from a judgment of the circuit court of Jefferson County, entered on a jury verdict finding him guilty of the offense of aggravated battery. The court sentenced him to not less than two years nor more than six years in the State penitentiary.

As grounds for reversal, the defendant argues that the trial court erred in excluding a witness offered by the defense as an expert, whose testimony would tend to call into question the credibility of the State's only eyewitness to the shooting. This expert witness was excluded under Illinois Supreme Court Rule 415(g)(i) (Ill. Rev. Stat. 1973, ch. 110A, par. 415(g)(i)), which provides various sanctions for failure to comply with the discovery rules in force in criminal trials. The defendant contends that exclusion of this witness was an abuse of discretion which denied him his right to put on a defense as guaranteed by the sixth and fourteenth amendments to the United States Constitution and by article 1, section 2, of the Illinois Constitution. We agree.

On the night of October 2, 1974, Gloria Dinwoodie was shot in the hip as she stood in the kitchen of her residence. Present in the house at the time were Gloria's aunts—Patricia Dinwoodie, who was the defendant's girl friend and the mother of his two children, and Mary Ann Jackson. The defendant had come to the house on two occasions that night and had tried unsuccessfully to persuade Patricia Dinwoodie to return to his home and bring the children with her. Mary Ann Jackson testified that shortly after the defendant's last visit, she saw the defendant outside the house through the living room and dining room windows. She further testified that she saw the defendant at the kitchen window as he shot Gloria Dinwoodie. Mrs. Jackson had told the investigating officer who answered the call that night that the defendant's face was "right up near the

window" and she could see him clearly; and she demonstrated to the jury how close the assailant was to the kitchen window when the shot was fired, producing "something like fire sparks."

The defendant testified that he had gone home after Patricia Dinwoodie refused to return with him and that he had not peeked in the windows or fired any shots. No weapon was found; thus, the State's principal evidence was Mary Ann Jackson's eyewitness testimony. To counter this testimony, the defense presented evidence concerning an argument between Mary Ann Jackson and the defendant, and concerning the darkness of the night, the dirty condition of the windows and the existence of filmy curtains at the kitchen window, in order to raise the question of whether Mary Ann Jackson could have recognized the person firing the shot. The defense also tried to offer the testimony of Jack Price, the local chief deputy sheriff, whose knowledge of firearms was discovered only after that stage of the trial where the jury had been sworn but no evidence had been presented by either side. Jack Price, in his capacity as deputy sheriff, had accompanied the defense attorney to the scene of the shooting the day before he was offered as a witness. His knowledge became apparent to the defense during a conversation there. In tendering this witness to the court and to the prosecutor in chambers the next day, still prior to the presentation of any evidence, the defense said it proposed to establish the expertise of the witness based on his experience and training and on his background as a teacher in the military. The defense also stated that the witness would testify that if a gun had been fired close to the window, it would have left powder on the sill and have blown a hole the size of a football in the window, rather than the small hole that actually occurred.

The State claimed surprise and prejudice on the grounds that it was unaware of the expertise of the witness and would not be able to counter either his claim of expertise or his testimony with a witness for the State on such short notice. Further, the State questioned the probative value of the opinion of an expert who had viewed the physical evidence four months after the occurrence of the shooting. Finally, the State suggested that the only value of this witness to defense would be the weight of placing an officer of the law on the stand as a witness for the defense. On the basis of the State's objection, the witness was excluded.

■■  The State urges that because the defendant failed in his motion for a new trial to address specifically the issue of the exclusion of a witness as violation of his constitutional right to put on a defense, and that because the constitutional nature of the issue was not specifically mentioned during the course of the trial, this issue has been waived for consideration on appeal. In his motion for a new trial, the defendant contended that he had not received a fair trial and was denied due process; during the

course of the trial, the defendant had argued for the admission of the witness, offering for the consideration of the court and the prosecutor the nature of the witness's testimony. In our opinion defendant's post-trial motion was sufficient to preserve this issue for review. The waiver doctrine in our opinion should be applied very sparingly in criminal cases when constitutional rights are involved.

The principal issue in this case is whether the exclusion of Jack Price as a witness for the defense constituted an abuse of discretion by the trial court in the implementation of the discovery rules set forth in pertinent part in Supreme Court Rules 413(d) and 415(b) (Ill. Rev. Stat. 1973, ch. 110A, pars. 413(d), 415(b)). These rules require the defendant, in response to a motion by the State, to provide a list of witnesses he is planning to call in his defense and imposes a continuing duty to disclose such information. Supreme Court Rule 415(g)(i) (Ill. Rev. Stat. 1973, ch. 110A, par. 415(g)(i)) provides for various sanctions which the court may impose in the event that a party has failed to comply with an applicable discovery rule. These sanctions include the exclusion of evidence, as well as the granting of a continuance or "such other orders as [the court] deems just under the circumstances." The defendant urges us to find the sanction of exclusion with regard to a defendant to be unconstitutional on its face, as denying the sixth amendment right to put on a defense. However, in view of finding that its use was not justified in this case, it is not necessary for us to consider whether the use of the exclusion sanction against a defendant would ever be appropriate. "The basic purpose of a trial is the determination of truth" (*Tehan v. United States ex rel. Shott*, 382 U.S. 406, 416, 86 S. Ct. 459, 465, 15 L. Ed. 2d 453, 460); and the goal of pretrial discovery in both civil and criminal cases has been to promote the fact-finding process and to eliminate the tactical advantage of surprise by either side. Sanctions are designed to accomplish the purpose of discovery; but it is clear that the imposition of sanctions should not encroach on a fair trial. (*Department of Transportation v. Mainline Center, Inc.*, 38 Ill. App. 3d 538, 347 N.E.2d 837.) The exclusion of evidence is a drastic measure; and the rule in civil cases limits its application to flagrant violations, where the uncooperative party demonstrates a "deliberate contumacious or unwarranted disregard of the court's authority." (*Schwartz v. Moats*, 3 Ill. App. 3d 596, 599, 277 N.E.2d 529, 531; *Department of Transportation v. Mainline Center, Inc.*, 38 Ill. App. 3d 538, 347 N.E.2d 837.) The reasons for restricting the use of the exclusion sanction to only the most extreme situations are even more compelling in the case of criminal defendants, where due process requires that a defendant be permitted to offer testimony of witnesses in his defense. (*Washington v. Texas*, 388 U.S. 14, 18 L. Ed. 2d 1019, 87 S. Ct. 1920.) "Few rights are more fundamental than that of an accused to

present witnesses in his own defense." (*Chambers v. Mississippi*, 410 U.S. 284, 302, 35 L. Ed. 2d 297, 308, 93 S. Ct. 1038, 1045.) While the Supreme Court of the United States has not yet directly considered the question of the constitutionality of a preclusion sanction in a criminal case, dicta in the case of *Williams v. Florida*, 399 U.S. 78, 83 n. 14, 26 L. Ed. 2d 446, 451 n. 14, 90 S. Ct. 1893, 1897 n. 14, raised a cautionary flag:

"Whether and to what extent the State can enforce discovery rules against a defendant who fails to comply, by excluding relevant, probative evidence is a question raising Sixth Amendment issues which we have no occasion to explore."

(See also *The Preclusion Sanction—A Violation of the Constitutional Right to Present a Defense*, 81 Yale L.J. 1342 (1972).) Indeed, the authors of the rule providing for the exclusion sanction were aware of difficulties which could arise in applying it to the accused and in their comments to the rule explained that this sanction "in some situations" could be applied in spite of the difficulties "[i]f *justified, under the circumstances.*" (Emphasis added.) Supreme Court Rule 415 Committee Comments (Ill. Ann. Stat., ch. 110A, par. 415, Committee Comments (Smith-Hurd 1976)).

● 2 In the present case there is some question as to whether the defendant actually failed to comply with the discovery rules. The record indicates that the defense became aware of this witness and the relevance of his testimony only after trial had begun and immediately informed the prosecutor and the court of its desire to offer the witness for the defense. Thus, the defense met its duty to disclose as soon as the intent to call the witness was formed, and then the trial court's duty was simply to safeguard against surprise (*People v. Manley*, 19 Ill. App. 3d 365, 311 N.E.2d 593), rather than to impose a sanction for failure to comply with a discovery rule. The conduct of the defendant in this case falls far short of the flagrant violation which might justify the use of such a drastic measure as exclusion.

The sanctions enumerated in Supreme Court Rule 415(g) provide a variety of flexible methods as do the rules for civil discovery, by which a court may safeguard against surprise and insure a trial on the merits. (*Department of Transportation v. Mainline Center, Inc.*, 38 Ill. App. 3d 538, 347 N.E.2d 837; Supreme Court Rule 415, Supplement to Historical and Practice Notes.) In the case of *People v. Endress*, 106 Ill. App. 2d 217, 245 N.E.2d 26, the appellate court found that exclusion of the prosecution's evidence against the defendants in a murder and armed robbery case had the effect of "decreasing the equality necessary for a fair trial." This reasoning is certainly applicable to the defendant in the present case. Since the prosecution claimed surprise in that he was not prepared to counter the testimony of Jack Price, a short continuance

could have been granted. In the case of *People v. Porter*, 13 Ill. App. 3d 893, 300 N.E.2d 814, a continuance was found to be a reasonable safeguard against surprise where a prosecution witness was found during the course of trial and the defense was permitted a recess to interview the witness. There is no reason to suppose that the State could not have adequately prepared any rebuttals to the proposed evidence within a reasonably short time.

■■ Finally, the State urges that the probative value of the evidence offered by the witness was outweighed by the prejudice to the State caused by surprise and by the weight of having a chief deputy sheriff testify for the defense. We fail to see how the source of evidence as coming from a State law enforcement officer can be said to be *per se* prejudicial to the State. As to the probative value of the evidence, "the truth is more likely to be arrived at by hearing the testimony of all persons of competent understanding who may seem to have knowledge of the facts involved in a case, leaving the credit and weight of such testimony to be determined by the jury or by the court." (*Rosen v. United States*, 245 U.S. 467, 471, 62 L. Ed. 406, 409, 38 S. Ct. 148, 150; *Washington v. Texas*, 388 U.S. 14, 18 L. Ed. 2d 1019, 87 S. Ct. 1920.) The defendant sought to introduce the testimony of this witness to call into question the ability of the State's only eyewitness to recognize the defendant as the assailant, by suggesting that whoever fired was standing back from the window, where he would have been more difficult to see. The State's contention that Deputy Price's opinion was of little value since he was viewing the bullet hole four months after it was made involves a question of proof which would require the State to present rebuttal evidence rather than justify the exclusion of a witness.

■■ We conclude, therefore, that the sanction of excluding the witness was excessive and an abuse of discretion which denied the defendant the right to present witnesses in his own defense. This court is unable to measure the extent to which the excluded evidence would have influenced the verdict and thus cannot say that exclusion of the witness was harmless error beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824; *People v. Wells*, 80 Ill. App. 2d 187, 224 N.E.2d 288.

The judgment of the circuit court of Jefferson County convicting the defendant of aggravated battery is reversed and the case is remanded for a new trial.

Reversed and remanded.

JONES, J., concurs.

Mr. PRESIDING JUSTICE KARNS, dissenting:

The wisdom of requiring compliance with section 116—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 116—1) is forcefully illustrated by this case. This section requires that the motion for a new trial specify the grounds therefor. Failure to specify the issue in the written motion constitutes a waiver of that issue and precludes the defendant from assigning the matter on appeal as grounds for reversal. The rule applies to constitutional questions as well as other procedural or substantive matters. (*People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856 (1973).) While "plain error" may be recognized (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)), although the error complained of was not specified in the motion for a new trial, it is preferable that the matter be brought to the attention of the trial court for its ruling. Correction by the trial court may obviate the need for review. Often the error complained of is not clear from the record and correction by the trial court or clarification of what transpired during trial is necessary to assist the reviewing court in considering the matter complained of with any degree of intelligence.

As I read the record in this case, the trial court never refused to allow the defense to call Deputy Price as a witness. In the colloquy between the state's attorney and defense counsel discussed in the majority opinion, the state's attorney stated in concluding his objection to Price being allowed to testify that the only reason defense counsel wanted to call Chief Deputy Price as a witness was to make it appear before the jury that law enforcement officers "are in favor of the defendant." The court replied, "If that is what it is going to be, the objection is going to be sustained." There was no further discussion of Price and no ruling was made. Only one brief reference to Price is contained in the lengthy report of proceedings following. Price was never tendered as a witness; the court never ruled that he could not testify to material, competent matters. No mention of Price is made in the motion for a new trial.

It seems apparent that the defendant abandoned his efforts to call Price as a witness for the obvious reason that any competent testimony he could provide would have been of little probative value.

I would affirm the judgment of conviction.