THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES BROWN, Defendant-Appellant.

Third District   No. 75-315

Opinion filed May 6, 1977.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, James Brown, was convicted of the robbery of Lillian Dubuque after a jury trial in Kankakee County. Sixty-eight-year-old

Lillian Dubuque was robbed of $51 in cash and four wristwatches in her home on January 11, 1975. She positively identified James Brown as the robber.

In his appeal defendant presents only one issue for review, whether the trial court improperly and in violation of the defendant's rights coerced the jury into reaching a verdict by delivering a "Prim-type" deadlock instruction when, according to defendant, there was no indication that the jury was deadlocked or had reached an impasse.

The evidence presented in this case was not complicated. To the contrary the ultimate fact issue before the trier of fact was whether they believed the complaining witness Lillian Dubuque and her identification testimony or the defendant and his alibi testimony. The fact that the case was uncomplicated is further illustrated by the very few witnesses called by either side and the fact that no objections were raised by either party to any of the proposed jury instructions, during the conference thereon. The jury retired at 2:45 p.m. to deliberate. At 8:50 p.m. the jury requested a transcript of Mrs. Dubuque's testimony, but the trial court in a proper exercise of its discretion, and with the approval of counsel for both sides, refused to grant the jury's request. (See *People v. Anthony* (3d Dist. 1975), 30 Ill. App. 3d 464, 334 N.E.2d 208; *People v. Pierce* (1974), 56 Ill. 2d 361, 30 N.E.2d 557.) After refusing this request the trial court sent the jury out to further deliberate. Then at 10:45 p.m. the trial court called counsel into chambers and indicated his desire to give a deadlocked jury instruction. After hearing argument and defendant's objection to such an instruction, the trial judge recalled the jury and asked, "Have you reached a verdict?" The foreman replied, "Not at this moment." Then at 11:10 p.m., 7½ hours after deliberations began the trial court gave the jury the "Prim-type" deadlock instruction over a defense objection. The quality of the jury instruction given has not been questioned on this appeal. It followed the language approved in *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601.

■■ As a preliminary issue the State argues that the failure of defense counsel to include the sole issue presented for review in his written post-trial motion alleging other trial errors was conclusive as a waiver of the omitted issue for appeal purposes. (*People v. Price* (5th Dist. 1975), 32 Ill. App. 3d 610, 336 N.E.2d 56.) We note that defendant did timely object to the giving of the deadlock instruction and in so doing called the possible error to the attention of the trial court.

■■ The issue raised by defendant materially affects his right to an impartial jury trial, a right of Federal constitutional magnitude. Consistent with the ends of justice and with a view to an orderly administration of the judicial process we believe consideration of the issue raised is more appropriate and fair than allowing form to triumph

over substance by considering the issue waived on appeal. *People v. Rayford* (5th Dist., 1976), 43 Ill. App. 3d 283, 356 N.E.2d 1274; *People v. Parker* (1st Dist., 1970), 129 Ill. App. 2d 43, 262 N.E.2d 751 (abstract).

The ultimate issue becomes whether the circumstances of the instant case, in fact, were sufficiently indicative of a deadlocked jury, for an approved "Prim-type" supplemental jury instruction to be given without violating defendant's right to a fair and impartial trial and without coercing the jury to reach a guilty verdict. We have been cited by defendant to *People v. Jackson* (4th Dist. 1975), 26 Ill. App. 3d 618, 630, 325 N.E.2d 450, 459, where the court stated, "Within the circumstances of this case, we feel that the giving of the deadlock jury instruction was premature." (See *United States v. Contreras* (9th Cir. 1972), 463 F.2d 773, in accord.) The deadlocked jury instruction referred to in the *Jackson* case was not an approved "Prim-type" instruction even though the directives of the decision in *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601, were available to the trial judge. The reversal in *People v. Jackson* (1st Dist. 1975), 26 Ill. App. 3d 618, 325 N.E.2d 450, was based on the issue of an unapproved "Prim plus type" deadlocked instruction among other grounds and is not necessarily controlling precedent for when an approved "Prim-type" instruction is premature.

In *People v. Wilson* (2d Dist. 1976), 37 Ill. App. 3d 560, 563, 346 N.E.2d 161, 163, the court referred approvingly to our opinion in *People v. Anthony* (3d Dist. 1975), 30 Ill. App. 3d 464, 334 N.E.2d 208, and stated, "The question of what interval of time it is reasonable to permit the deliberations to continue in any case is a matter peculiarly within the discretion of the trial judge." The *Wilson* case is strikingly similar to the present case. The court there first inquired whether the jury could reach a verdict at the end of 11 hours of deliberations and after the jury had returned to their deliberations for another 3 hours the deadlocked "Prim" instruction was given. On appeal in *People v. Wilson* (2d Dist. 1976), 37 Ill. App. 3d 560, 346 N.E.2d 161, the Second District Appellate Court concluded, after first ascertaining that the jury was not hopelessly deadlocked, that the trial court had not abused its discretion in inferring that the jury was having some difficulty which required guidance from the court. Under very similar facts in the case of *People v. Page* (3d Dist. 1976), 39 Ill. App. 3d 728, 350 N.E.2d 262, we concluded that the reasoning and result we previously announced in *People v. Anthony* (3d Dist. 1975), 30 Ill. App. 3d 464, 334 N.E.2d 208, was sound, even though the issue of the "Prim" instruction in *Page* was waived and did not amount to plain error.

■■ We choose to follow the approach suggested in *People v. Anthony* (3d Dist. 1975), 30 Ill. App. 3d 464, 468, 334 N.E.2d 208, 211, where we stated, "Cases submitted to juries vary in their complexity, and therefore, the question of what interval of time it is reasonable to permit the

deliberations to continue in any case is a matter peculiarly within the discretion of the trial judge. (*People v. Daily* (1968), 41 Ill. 2d 116, 242 N.E.2d 170; *People v. Van Dyke* (2d Dist., 1969), 106 Ill. App. 2d 411, 245 N.E.2d 324)." Although *People v. Anthony* (3d Dist. 1975), 30 Ill. App. 3d 464, 334 N.E.2d 208, and cases cited therein are distinguishable factually from the case at bar, we believe the better rule is to decide on a case by case basis whether under the circumstances the trial court abused its discretion in prematurely instructing the jury with an approved "Prim-type" deadlock instruction.

The Illinois Supreme Court indicated in *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601, that some approved form of deadlock jury instruction was appropriate when circumstances indicate a deadlock or impasse without defining what those circumstances are. Although we feel the better practice would be for the trial judge to inquire of the jury as to whether they will be able to reach a verdict, such an inquiry was satisfied here by generally questioning the jury concerning whether they had reached a verdict combined with the other circumstances of this case. Any attempt to formulate a standard to apply to each situation where there is a possibility of a jury impasse would necessarily be overbroad and unworkable. The more logical guideline is to leave the matter to the sound discretion of the trial court dependent upon the particular circumstances present. The reviewing court need then only consider if there has been an abuse of discretion based upon the facts of the case. "The reasonableness of the deliberation period depends on such factors as the length of the trial, the nature or complexity of the case, the volume and nature of the evidence, the presence of multiple counts or multiple defendants." (*Huwe v. Commonwealth Edison Co.* (2d Dist. 1975), 29 Ill. App. 3d 1085, 1087, 332 N.E.2d 60, 62.) The present case presents a very narrow factual dispute with an uncomplicated and short trial. Based upon all the circumstances here, we cannot say that the trial court abused its discretion in instructing the jury with the approved deadlock instruction. Whether the jury had deliberated 10 hours as in *People v. Jackson* (4th Dist. 1975), 26 Ill. App. 3d 618, 325 N.E.2d 450, or nearly 8 hours as in *United States v. Contreras* (9th Cir. 1972), 463 F.2d 773, or only approximately 2½ hours as in *Sullivan v. United States* (9th Cir. 1969), 414 F.2d 714, and *Winters v. United States* (D.C. Cir. 1973), 317 A.2d 530, is not controlling by itself but must be considered with all the circumstances in deciding whether the jury is in fact deadlocked.

For the reasons stated the judgment of conviction of the Circuit Court of Kankakee County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.