THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CURTIS LEE BAILEY, Defendant-Appellant.

Fourth District   No. 17129

Opinion filed January 29, 1982.—Modified on denial of rehearing March 5, 1982.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield, and Sam Kalen, law student, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman and Garry W. Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

504

JUSTICE STOUDER delivered the opinion of the court:

Defendant, Curtis Lee Bailey, was charged with burglary and theft not exceeding $150. After a bench trial in the circuit court of Sangamon County, he was found guilty of both offenses. Defendant was sentenced to two years' probation for the former offense, with a condition that he serve six months in prison, and to a three-month consecutive sentence for the latter offense. Defendant has appealed only from his conviction and sentence for burglary.

On March 21, 1980, Brenda Williams left her home at approximately 9 p.m. When she returned between 1 and 1:30 a.m., she found her door open and a knife on her third step. Upon searching her home, she found that two televisions were missing.

On March 22, 1980, Special Agent Jack Johnson was working in an undercover capacity at "Operation JJ," a secondhand store established for the purpose of obtaining stolen property. Agent Johnson testified that defendant came into the store at approximately 1:20 p.m. and identified himself as "James." Accompanied by a companion, who may have carried one television, defendant offered two sets for sale. Agent Johnson testified that when asked if the televisions were stolen, defendant replied that they "may be warm but he did not know." The parties agreed upon a price of $30, and the sale was consummated. The entire transaction was videotaped, and, at trial, Williams identified the two televisions as those removed from her home.

Defendant testified that he had never entered Williams' home and had not been in the store on March 22, 1980. On cross-examination, he was asked about an alleged conversation he had with Agent Johnson and another officer on October 24, 1980. Defendant did not recall the conversation.

In rebuttal, Agent Johnson testified that on the date in question, after advising defendant of his *Miranda* rights, he had asked where defendant had obtained the television sets. After defendant said that he did not know what the agent was talking about, Agent Johnson explained that the transaction had been videotaped, and that Williams had reported the sets stolen. Defendant then stated that Williams had given him the televisions and asked that he sell them for her.

The first of the two issues defendant raises is whether his guilt of burglary was established beyond a reasonable doubt. Defendant contends that the People presented no evidence corroborating his perpetration of the crime. Such corroborating evidence is necessary under *County Court v. Allen* (1979), 442 U.S. 140, 60 L. Ed. 2d 777, 99 S. Ct. 2213, and *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151.

Sufficient corroboration of participation in a burglary is presented when a defendant presents an explanation of possession which a jury

reasonably finds to be false. (*Housby.*) After defendant testified that he was not the individual who had been videotaped on March 22, 1980, and that he had never entered the home of Brenda Williams, Agent Johnson repeated defendant's earlier explanation that Williams had given him the televisions to sell. Under these circumstances, we find the trial court could easily have found defendant's explanation of possession to be false. Sufficient corroborating evidence having thus been presented, the challenge to the sufficiency of the evidence must fall.

The second issue presented by defendant is whether it was reversible error for the trial court to admit the rebuttal evidence of his prior explanation of possession. Defendant contends the People's failure to disclose the statement during discovery rendered it inadmissible.

■■ ■ Supreme Court Rule 412(a)(ii) (Ill. Rev. Stat. 1979, ch. 110A, par. 412(a)(ii)) requires the People to disclose the substance of any oral statement made by a defendant, as well as a list of witnesses to the making and acknowledgment of such statements. The purpose of this rule is to afford an accused protection against surprise, unfairness, and inadequate preparation (*People v. Ingram* (1980), 91 Ill. App. 3d 1074, 415 N.E.2d 569; *People v. Kradenych* (1980), 83 Ill. App. 3d 547, 404 N.E.2d 488, *appeal denied* (1980), 81 Ill. 2d 596; *People v. Miles* (1980), 82 Ill. App. 3d 922, 403 N.E.2d 587), as well as to eliminate the tactical advantage of surprise (*People v. Caliendo* (1980), 84 Ill. App. 3d 987, 405 N.E.2d 1133, *appeal denied* (1980), 81 Ill. 2d 594; *People v. Rayford* (1976), 43 Ill. App. 3d 283, 356 N.E.2d 1274, *appeal denied* (1977), 65 Ill. 2d 579; *cf. People v. Mahdi* (1980), 89 Ill. App. 3d 947, 412 N.E.2d 669; supreme court rule 413 (73 Ill. 2d R. 413)). Noncompliance with the rule is excused only if the prosecutor was unaware of the existence of the statement prior to trial and could not have become aware of it in the exercise of due diligence. (*Ingram*; *Kradenych*; *Miles.*) Disclosure of a statement immediately before trial (*People v. Young* (1978), 59 Ill. App. 3d 254, 375 N.E.2d 442) or the day before trial (*Ingram*) can be considered a lack of diligence.

■■ In the case at bar, the statement was made to the People's principal witness almost three months before trial; however, it was never disclosed during discovery. The morning of trial, in an apparently casual conversation, the prosecuting attorney mentioned the statement for the first time. No indication was made that the People intended to introduce the statement, and defense counsel may have assumed they would not for failure to comply with the discovery rule. At trial, the prosecutor claimed he had only become aware of the statement that morning, but it is no excuse to say the police did not advise the People of the statement. (*Young.*) Such an omission must be chargeable to the People. (*Miles.*) While we shall not speculate as to why the statement was withheld, such action was clearly prejudicial to defendant as it provided the necessary

corroboration for his burglary conviction. Considering this impact and the fact the statement was known to Agent Johnson for almost three months before trial, indicating at least a lack of due diligence on the part of the People, we find the trial court abused its discretion in admitting it. In so holding, we express no opinion on the statement's admissibility in another proceeding.

Accordingly, the judgments of conviction for burglary and theft entered by the circuit court of Sangamon County are reversed and remanded with directions defendant be granted a new trial.

Reversed and remanded.

ALLOY and BARRY, JJ., concur.