THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEROME FOSTER, Defendant-Appellant.

First District (4th Division)   No. 84—2618

Opinion filed June 19, 1986.

James J. Doherty, Public Defender, of Chicago (Clyde Lemons, Jr., Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Sharon Johnson Coleman, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

After a jury trial, Jerome Foster, defendant, was convicted of murder (Ill. Rev. Stat. 1983, ch. 38, par. 9—1), and sentenced to 35 years in the Department of Corrections.

Defendant appeals his conviction and argues that it should be reversed because the trial court (1) abused its discretion in denying him the right to call a material witness, (2) erred in refusing to instruct the jury on the lesser-included offense of voluntary manslaughter, and (3) denied him his right to a fair trial.

We reverse and remand.

The record shows that on or about March 3, 1983, Raymond Collins, Eddie Tidsen, and Curtis Collins, the victim, were walking north on Lavergne Street, in Chicago, when a group of approximately 15 persons began chasing and taunting them. A scuffle ensued between Raymond Collins and Kenny Martin, one of the 15 individuals. Thereafter, as the crowd began to disperse, a shot was fired. The bullet struck Curtis in the chest; he died that same night.

Raymond Collins testified that he, his cousin Curtis, and Eddie Tidsen were together on the evening in question. They were walking north on Lavergne Street when approximately 15 people began to shout gang slogans at them. Immediately thereafter, the 15 individuals pursued and caught them. The witness stated that he recognized one of the gang members as Kenny Martin, whom he knew because they attended the same high school. Raymond further testified that he

and Kenny engaged in a shoving match; Eddie intervened and the gang began to disperse. At that moment, three individuals stepped from the crowd and approached them; defendant Foster was one of those individuals. Foster then pulled a gun from his jacket and shot Curtis. The record shows that the murder weapon was not recovered.

On cross-examination, Raymond testified that it was after nightfall when the incident occurred. He stated that he is nearsighted and that he was not wearing glasses or contact lenses at the time of the shooting. He further testified that there might have been four people, instead of three people, who approached them just before his cousin was shot.

Eddie Tidsen's testimony was similar to that of Raymond's. Kenny Martin, called by the State, testified that he was part of the gang of 15 people who chased the victim and his companions. He stated that on the evening of the incident he had, earlier, smoked marijuana. He further testified that he witnessed the shooting and that he saw defendant pull a gun from his coat and shoot Curtis. On cross-examination, Kenny stated that he had been questioned after the shooting by Ms. Lyons, assistant Public Defender. He recalled having informed Ms. Lyons that during the shooting he was involved in an altercation with Raymond, but he did not recall telling her that he did not see defendant with a gun.

Christopher Hainey testified for the defense, stating that he worked as a student assistant for the Public Defender's office. He was present when Ms. Lyons interviewed Kenny Martin. Hainey testified that Kenny informed Ms. Lyons that he did not see defendant shoot the victim because, at the moment of the shooting, he was involved in a shoving match with Raymond.

■ Defendant first argues that the trial court's refusal of his request to call Gregory Felcus as a defense witness is reversible error. We agree.

The record reveals that on the day before the jury was selected, defendant's attorney asked the trial court's permission to amend her discovery answer to add the name of Gregory Felcus as a witness. The State objected and the trial court, taking into account the State's objection, reserved its decision until a later date. After the State had presented its case, defendant's attorney again requested that she be allowed to amend the discovery answer to include Gregory Felcus and to call him as a material witness. The trial court denied her request, as a sanction for her failure to name Felcus on the initial discovery answer. Defendant's counsel indicated that although she knew Felcus would be a potential witness when she initially filed her discovery an-

swer, she unintentionally failed to list his name on the original discovery answer.

The trial court did grant defendant's request to submit an offer of proof of what Felcus would testify to, if called. The record indicates that he was one of the 15 individuals who chased Curtis, Raymond, and Eddie; that he had witnessed the shooting; that he observed the altercation between Raymond and Kenny; that someone in the back of the crowd fired a gun; that the gunshot struck Curtis; and that defendant did not have a pistol in his hand and did not shoot the victim.

The trial court, as a sanction for refusal to comply with discovery, can deny a party the right to call a witness. (Ill. Rev. Stat. 1983, ch. 110A, par. 415(g).) However, we have concluded that the trial court's use of this sanction is not unlimited. When, as here, the trial court's sanction is the exclusion of a defense witness, we have determined that it must be applied only in the most extreme situations. (*People v. Rayford* (1976), 43 Ill. App. 3d 283, 286, 356 N.E.2d 1274, 1277, *appeal denied* (1977), 65 Ill. 2d 579.) Furthermore, basic due process requires that a defendant be permitted to offer the testimony of witnesses in his defense. Any restrictions on this right must be extremely limited and shown absolutely necessary to accomplish the goal intended for the restriction. See *United States ex rel. Enoch v. Lane* (7th Cir. 1985), 768 F.2d 161.

The court in *People v. Mahdi* (1980), 89 Ill. App. 3d 947, 957, 412 N.E.2d 669, 676-77, quoting *People v. Rayford* (1976), 43 Ill. App. 3d 283, 286-87, 356 N.E.2d 1274, 1277, stated as follows:

" 'The basic purpose of a trial is the determination of truth' (*Tehan v. United States ex rel. Shott*, 382 U.S. 406, 416, 86 S. Ct. 459, 465, 15 L. Ed. 2d 453, 460); and the goal of pretrial discovery in both civil and criminal cases has been to promote the fact-finding process and to eliminate the tactical advantage of surprise by either side. Sanctions are designed to accomplish the purpose of discovery; but it is clear that the imposition of sanctions should not encroach on a fair trial. [Citation.] The exclusion of evidence is a drastic measure; and the rule in civil cases limits its application to flagrant violations, where the uncooperative party demonstrates a 'deliberate contumacious or unwarranted disregard of the court's authority.' [Citations.] The reasons for restricting the use of the exclusion sanction to only the most extreme situations are even more compelling in the case of criminal defendants, where due process requires that a defendant be permitted to offer testimony of witnesses in his

defense. [Citation.] 'Few rights are more fundamental than that of an accused to present witnesses in his own defense.' [Citation.]"

We have held it to be an abuse of discretion for the trial court to exclude a defense witness because the defendant's attorney unintentionally omitted the name of that witness from the list. (*In re Lane* (1979), 71 Ill. App. 3d 576, 580, 390 N.E.2d 82, 85.) Similarly, where the State is notified of the defendant's intent to call the excluded witness, and there is ample opportunity for the State to interview the witness, we have held it to be an abuse of discretion for the trial court to exclude a material witness. (*People v. Pugh* (1977), 49 Ill. App. 3d 174, 181, 363 N.E.2d 1212, 1216-17.) Finally, a defendant should not be penalized for his counsel's negligence. Moreover, penalizing a criminal defendant for his counsel's negligence only creates additional constitutional problems and invites attack on convictions based on incompetence of counsel. *United States ex rel. Enoch v. Lane* (N.D. Ill. 1984), 581 F. Supp. 423, 431, *aff'd* (7th Cir. 1985), 768 F.2d 161.

■ As noted above, the record shows that defendant's attorney's failure to list the witness was unintentional. Moreover, defendant notified the court and the State of his intent to call the witness before the actual trial began. Under the circumstances of this case, the trial court abused its discretion in refusing defendant the right to call Felcus as a defense witness. Further, we note that the trial court should not consider excluding defense witnesses unless the State can show that it was prejudiced by the attorney's failure to list the witness. (*United States ex rel. Enoch v. Lane* (N.D. Ill. 1984), 581 F. Supp. 423, 432, *aff'd* (7th Cir. 1985), 768 F.2d 161). In the case at bar, the State did not show that it was prejudiced thereby.

■ A trial court's abuse of discretion in excluding a defense witness will constitute reversible error if it is prejudicial to defendant. (*People v. Rayford* (1976), 43 Ill. App. 3d 283, 288, 356 N.E.2d 1274, 1278.) In the instant case, the record indicates that the excluded witness' exculpatory testimony was extremely material to defendant's case, and its exclusion was prejudicial to defendant. Testimony from the State's primary witnesses—one a witness who had smoked marijuana several hours before the shooting occurred and another an eyewitness who is nearsighted but who was not wearing corrective lenses at the time of the shooting—consisted of contradictory statements. Surely Felcus' exculpatory testimony is material to the defendant's case when one evaluates the testimony of the State's witnesses. We conclude that the trial court committed reversible error in denying

482

defendant's request to call Felcus as a defense witness.

Since we find that the trial court committed reversible error in refusing defendant's request to call Felcus as a witness, we need not address defendant's remaining arguments.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

LINN, P.J., and JIGANTI, J., concur.