THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KEITH KING, Defendant-Appellant.

First District (3rd Division)   No. 1—86—1362

Opinion filed October 4, 1989.

Randolph N. Stone, Public Defender, of Chicago (Vicki Rogers, Assistant . Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Jerry D. Bischoff, and Sally J. Bray, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:
Defendant Keith King was found guilty of delivery of a controlled

substance in a bench trial and sentenced *in absentia* to four years in the Illinois Department of Corrections. On appeal, defendant argues that (1) the trial court erred in denying his motion to amend his answer to discovery to add an additional witness; (2) the State failed to prove him guilty beyond a reasonable doubt; and (3) the trial court erred in sentencing him *in absentia*. We affirm.

The following facts were revealed at trial. On March 14, 1985, at approximately 1:30 p.m., Chicago police officers Stanley Turner, Abraham Taylor and Sergeant Ralph DeWitt conducted an undercover surveillance near the corner of 79th Street and Western Avenue in Chicago. The officers were assigned because of reports of cocaine and heroin sales on the street in that area. All three officers were dressed in plainclothes and travelling in an unmarked automobile. After the officers arrived at the scene, they remained in the car and observed the area activity. The officers observed defendant and another man standing near the corner. Turner testified that he observed people approach defendant as well as defendant approach automobiles, converse briefly, and exchange unidentified items. After the officers observed this activity for approximately 15 minutes, they moved their car to the corner and positioned it directly across from defendant and the other man.

Turner exited the car and walked toward defendant and a nearby store. When Turner reached the sidewalk, he turned and observed defendant approaching the undercover police car where his partners were seated. Turner began to walk back towards the undercover police car and heard defendant's companion shout to defendant something like, "this next one" or "this is the next person." Turner and defendant met at the undercover police car. Turner testified that defendant asked him how many or how much did he want and he responded three bags and suggested they move out of the street. Turner stated that they walked to the passenger side of the auto, and as defendant removed a small bag from his pocket, he removed $30 from his pocket. When defendant handed him the three foil packets, he announced that he was a police officer and attempted to grab defendant and the bag. Defendant and Turner struggled, the bag fell to the ground and an unidentified man ran by, grabbed the bag and some loose packets and ran eastbound on 79th Street. After Turner and defendant moved away from the passenger side of the undercover car, Officer Taylor was able to exit the car and help Turner apprehend defendant. Other officers arrived at the scene and defendant's companion was also apprehended. The man who grabbed the bag escaped. After defendant's arrest, Turner recovered two of the three foil pack-

ets, which tested positive for .55 grams of heroin. Defendant was searched, but no drugs or money were recovered from his person.

Officer Taylor testified that he was a passenger in the undercover police car on the date in question. Taylor also testified that he observed defendant give Turner three foil packets which he removed from a bag in his pocket.

Defendant testified on his own behalf and stated that on the date and time in question he was walking to the bus stop on 79th Street. Defendant stated that he spoke briefly with a friend named Carl Jones. Defendant further testified that as he crossed the street, Turner approached him and asked him who was the guy that ran down the street. Defendant stated that when he responded that he did not know, Turner told him that he should know and threw him against a blue car parked at the corner. He stated that he was then arrested. Defendant denied that he ever possessed a brown bag or gave Turner foil packets containing heroin.

After the cross-examination of defendant was complete, defense counsel made a motion to amend her answer to discovery to add the name of Carl Jones as a witness. The court denied the motion. Following closing arguments, defendant was found guilty of delivery of a controlled substance.

The sentencing hearing was set for March 17, 1986, but on that date defense counsel requested and was granted a continuance until April 28 so that defendant could be evaluated by the TASC drug treatment program. On April 28, defendant failed to appear in court. A bond forfeiture warrant was issued and a warrant judgment date of May 5 was set. On April 29, defendant appeared in court with counsel. The bond forfeiture was vacated, the warrant recalled and the matter set for May 5. On May 5, defendant failed to appear, and after hearing argument in aggravation and mitigation, the court sentenced defendant *in absentia* to four years in the Illinois Department of Corrections. On May 28, defendant, by his attorney, the public defender of Cook County, filed the notice of appeal in this matter.

Defendant first argues that the trial court erred in denying his motion to amend his answer to discovery to include an additional witness, after the cross and redirect examination of defendant was complete. We disagree.

■ The Illinois Supreme Court rules require a defendant to respond to the State's motion for discovery by providing a list of intended witnesses within a reasonable time after the filing of the motion. (107 Ill. 2d R. 413(d)(i).) Failure to comply with this disclosure requirement subjects a defendant to possible sanctions, including ex-

clusion of the undisclosed witness. (*People v. Nevitt* (1988), 174 Ill. App. 3d 326, 344, 528 N.E.2d 307, 321.) Whether or not to impose such sanction is a matter within the court's discretion, and the court's decision will not be disturbed absent a showing by defendant of prejudice or surprise. (*People v. McKinney* (1983), 117 Ill. App. 3d 591, 596, 453 N.E.2d 926, 929.) An abuse of discretion has been found where the defendant made the motion prior to trial and the excluded witness was material; or prior to the presentation of his case in chief where defendant's answer to discovery reserved the right to call any witness listed in the police reports, and the excluded witness was so listed. See *People v. Foster* (1986), 145 Ill. App. 3d 477, 481, 495 N.E.2d 1141, 1142; *People v. Echols* (1986), 146 Ill. App. 3d 965, 972, 497 N.E.2d 321, 326.

In the present case, during the direct examination of defendant the following colloquy occurred:

"DEFENSE ATTORNEY: Who—who else was present while you had that conversation with Officer Turner?

DEFENDANT: It was just him. My friend, he had walked down, maybe, about—he was about—about eight feet, maybe, 12 feet away.

DEFENSE ATTORNEY: Have you looked for that friend since this case started going on?

DEFENDANT: Yeah, I know where he is now. I know where he is now. He stay at 7914 South Essex."

Later, after the cross and redirect examination of defendant was complete, the following occurred:

"DEFENSE ATTORNEY: Judge, if I could have a moment?

Judge, I am going to ask leave of Court to amend my answer to include Mr. Carl Jones. I don't have him on—.

STATE'S ATTORNEY: I object, Judge, to putting a witness on her answer, at this point in the case, when it is untimely, your Honor. I mean—.

THE COURT: You can make an offer of proof.

DEFENSE ATTORNEY: Judge, I was somewhat taken by surprise.

* * *

DEFENSE ATTORNEY: I haven't had an opportunity to speak with Mr. Jones, but I would assume that if he was called to testify, he would corroborate the initial conversation with my client and Officer Turner.

THE COURT: Well, when were you first advised of Mr. Jones?

DEFENSE ATTORNEY: Judge, approximately, ten minutes ago.

\* \* \*

THE COURT: Aside from assuming that he would corroborate what your client says pertaining to some aspect of this, the testimony of Mr. King,—was it—what is it that Mr. Jones would testify to?

DEFENSE ATTORNEY: Judge, I believe my client testified that he was talking to a Carl Jones when Officer Turner came up and asked him if he had seen someone running. I believe that would be the only thing that Mr. Jones would be able to say."

The court thereafter denied defendant's motion.

■■ As the above-quoted portions of the record indicate, defendant testified that the excluded witness was 8 to 12 feet away from him and Officer Turner when the conversation between them occurred. In addition, defendant testified that the excluded witness was a friend and that he knew where he resided. Further, the motion was untimely, made just prior to closing arguments in the case. Defendant's allegations of prejudice and surprise are unsupported by the record. Aside from any hearsay problems involved in admission of the excluded testimony, defendant's testimony and defense counsel's offer of proof indicate that Carl Jones' testimony was not material to his case. Under these circumstances, we find no error in the trial court's exclusion of the testimony of Carl Jones.

Defendant next argues that he was not proven guilty of delivery of a controlled substance beyond a reasonable doubt. We disagree.

■■ It is the responsibility of the trier of fact to determine the credibility of witnesses and the weight that should be given their testimony; a reviewing court will only substitute its judgment when the evidence is so unsatisfactory or improbable that it creates a reasonable doubt of the defendant's guilt. *People v. Cooper* (1987), 164 Ill. App. 3d 734, 737, 518 N.E.2d 260, 262.

■■ Here, both Officers Turner and Taylor testified that they observed defendant remove three foil packets, which were later determined to contain heroin, from his pocket and give them to Officer Turner. Any inconsistencies in their testimony were resolved by the trier of fact, and the evidence adduced at trial was not so improbable that it creates a reasonable doubt of defendant's guilt. We therefore find that the trial court's decision finding defendant guilty of delivery of a controlled substance was proper.

Finally, defendant argues that the trial court erred in sentencing

him *in absentia*. It is his position that the case should be remanded for a hearing where he can demonstrate that his failure to appear in court at the time of sentencing was not his fault and due to circumstances beyond his control. We disagree.

Section 115—4.1 of the Code of Criminal Procedure of 1963 creates a mechanism for the trial and sentencing of a defendant *in absentia*. The statute provides in pertinent part:

> "(e) When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he must be granted a new trial or a new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. A hearing with notice to the State's Attorney on the defendant's request for a new trial or a new sentencing hearing must be held before any such request may be granted. At any such hearing both the defendant and the State may present evidence." Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(e).

■ A section 115—4.1(e) motion to vacate a judgment is like a collateral attack upon a final judgment rather than a procedural step in a direct appeal of that judgment. (*People v. Partee* (1988), 125 Ill. 2d 24, 35, 530 N.E.2d 460, 465.) Therefore, the pendency or availability of the collateral remedy will not affect the jurisdiction of the appellate court over the direct appeal. (*Partee*, 125 Ill. 2d at 36.) In the present case, neither the record nor defendant's brief in this matter indicates that defendant has requested a section 115—4.1(e) hearing in the circuit court. Since the statute clearly indicates that the defendant must request a hearing to determine whether he is entitled to the remedy of a new sentencing hearing, in the absence of such a request, we decline to address the issue of his entitlement to a new sentencing hearing.

■ Defendant relies on *People v. Brown* (1984), 121 Ill. App. 3d 776, 459 N.E.2d 1175, to support his position that under section 115—4.1(e), a defendant is entitled to a hearing even though his attorney has filed a "premature" notice of appeal in his case. However, the decision of *People v. Brown* which held that a section 115—4.1(e) motion is a prerequisite to the appeal of a judgment *in absentia* has been disavowed by the Illinois Supreme Court. (*People v. Partee* (1988), 125 Ill. 2d 24, 35-37, 503 N.E.2d 460, 465.) Therefore, under the holding in *Partee*, defendant's right to a section 115—4.1(e) hearing was not waived by the filing of his notice of appeal in this matter. Accordingly, defendant is entitled to request a section 115—4.1(e) hearing in the

circuit court. Further, defendant does not allege, nor do we find any error in the trial court's handling of the sentencing hearing. We therefore find that the trial court did not err in sentencing defendant *in absentia.*

For all of the foregoing reasons, the judgment and sentence of the circuit court is affirmed.

Affirmed.

WHITE and CERDA, JJ., concur.